John Carl **SUMMERS**, Petitioner,

v.

Donald I. **McNAMARA**, **Chief of Police, Portland, Oregon, et al., Respondents.**

United States District Court
D. Oregon.
March 29, 1965.

EAST, District Judge.

The petitioner has tendered for filing his pro per in forma pauperis "Petition for Writ of Habeas Corpus" and motion for the appointment of counsel and various orders to show cause.

It appears from the affidavit of the petitioner that he is an indigent citizen without funds to pay fees and costs of filing and prosecuting a civil cause in this Court or give security therefor, that his petition is taken in good faith and upon the belief that he is entitled to the relief sought. Nevertheless, an indigent person does not have the right to file and prosecute in forma pauperis any cause that he may feel just. Upon any application to file and prosecute causes in forma pauperis, the Court has the duty to determine whether a probable cause exists. See Nichols v. McGee, 169 F.Supp. 721 (N.D.Cal.1959).

I am not unmindful that the petitioner "is an indigent layman, unschooled in the science of law" and I shall therefore view his petition most liberally, allowing it all inferences.

It appears from the petition tendered that the petitioner is now in the custody of B. J. Rhay, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, pursuant to a judgment of conviction and sentence of imprisonment entered by the Superior Court of King County, Washington, in cause No. 38750. The petitioner further avers that he "is also under restraint of a 'detainer' placed upon him by the

Chief of Police of the City of Portland, Oregon, Police Department."

The petitioner concludes that said "detainer" is unlawful in that it violates his United States Constitutional rights and the provisions of 18 U.S.C.A. §§ 3182 and 3190.

■ It is manifest that on these grounds the petitioner has mistaken his remedy, and no habeas relief is available to petitioner in this Court for the reason that no unlawful custody or control of the petitioner is being had by the respondents or any person within the District of Oregon. Therefore, petitioner's petition for habeas relief should be denied.

The petitioner further avers that:

"On or about May 18, 1963, without lawful authority in so doing, and without a valid charge by indictment or information charging petitioner with being a fugitive from Justice or by requisition or warrant from the Executive authority of the State of Oregon, DONALD I. McNAMARA, Chief of Police of the City of Portland Oregon Police Department, placed a 'detainer' upon petitioner with the officials of the Washington State Penitentiary at Walla Walla, Washington for a purported crime of 'Burglary not in a Dwelling', based upon an information purportedly filed on February 8, 1963, upon Complaint of a C. W. Mitchell of the City of Portland, an offense of which your petitioner is innocent."

■ Furthermore, this Court will take judicial notice that there was filed on the 8th day of February, 1963, in the Municipal Court for the City of Portland, County of Multnomah, State of Oregon, in a cause entitled "The State of Oregon vs. Thomas Arthur Niswender and John Carl Summers, defendants" an information of felony (O.R.S. 164.240) subscribed and sworn to on that date by one C. W. Mitchell, informant, charging the said defendants with the alleged crime of burglary not in a dwelling on or about January 28, 1963, situate at 2320 S.E. Grand, in the City of Portland. County of Multnomah, State of Oregon. Further, that said information of felony remains on file in said Municipal Court and constitutes undisposed-of charges. Further, that on February 8, 1963, The Honorable Walter Ake, Municipal Judge and ex-officio Justice of Peace for the City of Portland, issued said Court's warrant of arrest directed to any peace officer of the State of Oregon, commanding such officer to forthwith arrest the defendant John Carl Summers and bring him before said Court, and that said warrant of arrest is still outstanding and unexecuted, with bail fixed in the amount of $5,000.00.

■■ So, again, petitioner's petition cannot be considered as a Civil Rights action in this Court, under the provisions of 42 U.S.C.A. § 1983, for the reason that the respondent Chief of Police, in seeking the custody of the petitioner by the detainer, was performing his lawful duty. The law-enforcement officers executing warrants of arrest and any form of lawful detainer upon duly filed complaint appearing regular upon its face, are not subject to liability in the event of subsequent voidance of such complaint. See Delaney v. Shobe et al., 235 F.Supp. 662 (D.Or.1964).

Petitioner's remedy in this situation is to apply to the courts of the State of Oregon for a speedy and timely trial of the charges pending against him to which he claims innocence, or for a dismissal of the charges for want of timely trial.

Petitioner's petition to file and prosecute his petition and cause either for habeas relief or as a Civil Rights action in forma pauperis should be denied.

The Clerk of this Court is directed to retain one copy of petitioner's petition as a miscellaneous file pending appeal of this narrative order, and to return to petitioner the remaining two copies of his petition and other motions, together with a conformed copy of this narrative order, to the petitioner at his Walla Walla, Washington address via regular United States mail.

It is so ordered.