## Commonwealth v. McCauley, Appellant.

Submitted November 13, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Manny McCauley,* appellant, in propria persona.

*Michael M. Baylson* and *Alan J. Davis,* Assistant, District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 3, 1968:

This is an appeal from the denial of a petition under the Post Conviction Hearing Act. The petition alleges that petitioner's plea of guilty to murder was not intelligently and voluntarily made.

We have here a situation like that described in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968), decided this date. Petitioner alleges that counsel did not advise him fully of the consequences of his plea; his able and experienced trial counsel contradicts completely petitioner's version. As in *West,* the hearing judge chose to believe counsel's version. *West* fully explores the precedents and holds that since the burden of proving that his plea was constitutionally infirm rests upon petitioner, *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967), and since a record silent as to the voluntariness of the plea and showing no attempt by the court to probe the prisoner's awareness of the consequences of his plea is not of itself a sufficient basis for the grant of a new trial, *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A. 2d 424 (1964), the petition was properly denied.

The only additional factor here is the element of plea bargaining. This practice has been upheld recently by this court, *Com. ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966). We fail to see how plea bargaining, properly explained to a defendant, prevents his plea from being voluntary and intelligent.

Accordingly, the order of the court below is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.