## Commonwealth v. Dabney, Appellant.

Submitted November 24, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edgar A. Dabney,* appellant, in propria persona.

*Welsh S. White* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:

To an indictment charging appellant with murder, Dabney pleaded not guilty and faced trial before a judge and jury. At the conclusion of the Commonwealth's evidence, however, he changed his plea to guilty to murder generally (the Commonwealth certified at this point that the crime rose no higher than second degree), following which he was found guilty of murder in the second degree and sentenced to 9 to 20 years. No direct appeal was taken. In the present Post Conviction Hearing Act proceeding, appellant maintains that the guilty plea was not made knowingly and intelligently, and furthermore that it

was motivated primarily by a confession alleged to have been involuntary and by evidence alleged to have been illegally seized. See *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967).

After an evidentiary hearing, during which appellant was represented by counsel, the hearing judge denied relief, holding that the guilty plea was validly entered, that the confession and evidence were not the sole motivations for the plea (apparently the plea bargain was the primary factor), and that even if they were, neither appellant's interrogation nor the search of his house were constitutionally infirm. We have reviewed both the trial record, and the record of appellant's post-conviction hearing, and see no reason to disturb the findings of the court below. See *Commonwealth v. Grays*, 428 Pa. 109, 237 A. 2d 198 (1968); *Commonwealth v. McCauley*, 428 Pa. 107, 237 A. 2d 204 (1968).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.