138

## Commonwealth v. Davis, Appellant.

Argued January 11, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*John W. Packel,* Assistant Defender, with him *Mel-
vin Dildine,* Assistant Defender, and *Herman I. Pol-
lock,* Defender, for appellant.

*Benjamin A. Levintow,* Assistant District Attorney,
with him *Alan J. Davis,* Assistant District Attorney,
*Richard A. Sprague,* First Assistant District Attorney,
and *Arlen Specter,* District Attorney, for Common-
wealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:
On January 24, 1963, appellant Davis entered a
plea of guilty to murder generally in Philadelphia
County Court of Oyer and Terminer. The Common-

wealth thereupon certified that the offense rose no higher than second degree. Davis was sentenced to 12½ to 30 years; no appeal was taken. In 1965 he filed a habeas corpus petition which was denied (after a hearing had been held) and that denial affirmed by this Court without written opinion. See *Commonwealth ex rel. Davis v. Myers,* 420 Pa. 634, 217 A. 2d 740 (1966). Appellant next sought relief in the federal court and was again rebuffed after a full evidentiary hearing. See *United States ex rel. Davis v. Rundle,* Misc. No. 3253 (E.D. Pa. 1966).[1]

Appellant now appeals from the denial of his 1967 Post Conviction Hearing Act petition. The court below held an evidentiary hearing during which the only issue pressed was that appellant's guilty plea was primarily motivated by the existence of an involuntary confession.[2] See *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967); see also *Commonwealth v. Baity,* 428 Pa. 306, 237 A. 2d 172 (1968). The denial below must be affirmed.

Although at the post-conviction hearing the Commonwealth contended that Davis' claim was waived under §4 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-4

---

[1] In both his federal and state habeas corpus petitions Davis contended that he was arrested without a warrant, that he was denied the assistance of counsel during interrogation by police and that he was not represented by counsel at his preliminary hearing.

[2] Davis' post-conviction application asserted the following: (1) admission at trial of a statement procured in the absence of counsel at a time when such representation was constitutionally required; (2) infringement of the privilege against self-incrimination; (3) an unlawfully induced guilty plea; (4) use of perjured testimony and (5) abridgement of a constitutional right not recognized at the time of trial. Although some mention was made at the post-conviction hearing of a coroner's report which allegedly contained hearsay, no facts were developed to support this contention.

140

(Supp. 1966),[3] it does not assert waiver in its brief on appeal. Accordingly, we will thus treat the merits of appellant's contention.

Davis insists that the disputed confession was procured while he was intoxicated and thus it was involuntary. As is all too often the case, the trial record contains no examination as to the voluntariness of the plea. See *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968). The post-conviction hearing judge made no factual finding as to voluntariness but rather rested his decision upon a finding that Davis' plea was the product of trial strategy, i.e., a plea bargain[4] was made after which the Commonwealth certified that the offense did not rise higher than second degree murder. We have read the records of Davis' post-conviction hearing, his federal habeas corpus hearing and his trial (as did the post-conviction court below) and see no reason to disturb the conclusion of the post-conviction hearing court that the guilty plea was not the product of an involuntary confession. See *Commonwealth v. McCauley*, 428 Pa. 107, 237 A. 2d 204 (1968); *Commonwealth v. Garrett*, supra.

Order affirmed.

---

[3] Appellant strenuously insists that the rebuttable presumption created in subsection (c) of §4 that failure to raise an issue in a prior proceeding is a knowing and understanding failure is unconstitutional. The bulk of his brief is devoted to this issue.

[4] We have expressly upheld the validity of guilty pleas entered on the basis of a plea bargain. See *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699 (1966).