Commonwealth *v.* Savage, Appellant.

Submitted November 11, 1968.   Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Elizabeth Langford Green* and *Melvin Dildine*, Assistant Defenders, and *Herman I. Pollock*, Defender, for appellant.

*Edward G. Rendell* and *James D. Crawford*, Assistant District Attorneys, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, January 15, 1969:

Louis O. Savage (appellant) was indicted on a charge of murder for the stabbing death of Matthew Datts.   On April 6, 1966, he entered a plea of guilty to murder generally and was convicted of voluntary manslaughter and sentenced to four to twelve years' imprisonment.   No direct appeal was taken.

Subsequently appellant filed a petition under the Post Conviction Hearing Act alleging that his guilty plea was entered without knowledge or understanding. A hearing was ordered for February 19, 1968.   At the hearing, appellant testified he had not talked with his court-appointed lawyers about the crime until the day

of the trial and then for only three or four minutes. He said that he was never informed about the plea he eventually made, nor was he told what a general plea meant. Although the trial judge thoroughly examined appellant before taking the plea, appellant testified that he either did not hear the judge's questions or else did not understand them. At the post-conviction hearing counsel for appellant introduced his classification summary from Graterford Prison which termed appellant a mental defective.

Appellant raises two questions for our consideration. First, he contends, in the alternative, that the record establishes that he was not mentally competent to plead guilty or else more extensive tests and another hearing should be ordered to determine whether he was sufficiently competent to plead. Second, he contends that his guilty plea was not made knowingly and intelligently.

The test governing the competency of an accused to plead guilty was set forth by this Court in *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 495, 227 A. 2d 159 (1967) : "[T]he test to be applied in determining the legal sufficiency of his mental capacity to stand trial, or enter a plea at the time involved, is not the M'Naghten 'right or wrong' test, but rather his ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense. [Citing authorities]. Or stated another way, did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and have a rational as well as a factual understanding of the proceedings against him." See: *Commonwealth v. Harris*, 431 Pa. 114, 116-17, 243 A. 2d 408 (1968). In a post-conviction hearing, the burden of proof is on the petitioner to prove that he was not competent to plead

guilty. *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 104, 237 A. 2d 196 (1968) ; *Commonwealth v. McCauley*, 428 Pa. 107, 108, 237 A. 2d 204 (1968). The hearing judge determined that the petitioner had not carried his burden; we are satisfied after studying the record that the hearing judge was correct.

Appellant's alternative request for additional psychological studies and a further hearing is more difficult. We have held that a petitioner is entitled to a hearing if, accepting as true all allegations of fact which are nonfrivolous, specific, and *not controverted by the record,* his plea would be vitiated: *Commonwealth v. Stokes*, 426 Pa. 265, 268, 232 A. 2d 193 (1967). See also: *Commonwealth v. Johnson*, 431 Pa. 522, 532, 246 A. 2d 345 (1968) ; *Commonwealth v. Sapp*, 428 Pa. 377, 378, 238 A. 2d 208 (1968). There is no question that if appellant's allegations to the effect that he was not mentally competent to plead guilty are true, he is entitled to relief. In denying appellant's request for a further hearing, the hearing judge ruled instead that the facts contained in appellant's petition were contradicted by the record. After reviewing the record, we are convinced the hearing judge ruled correctly.

There is no question that appellant is of low intelligence. The fact that he is of low intelligence, however, does not necessarily mean that he was not competent to plead guilty as defined in *Hilberry*. The classification report terming appellant a mental defective is the only substantial evidence in the case supporting appellant's allegations. We feel that this report is more than offset by what transpired at the degree of guilt and post-conviction hearings.

Appellant was represented at his degree of guilt hearing by two court-appointed attorneys. One testified that he had discussed the case and all the rami-

fications of pleading guilty with appellant and that he was satisfied that appellant was pleading intelligently. The hearing judge examined appellant at great length concerning his decision to plead guilty.* This colloquy indicates that appellant was aware of what he was doing and the consequences of that decision. Appellant testified on his own behalf and his testimony was coherent. He recounted the details of the stabbing and seemed to evince a clear understanding of the murder proceedings against him. At no time was anything said at the degree of guilt hearing about appellant's ability to stand trial and plead to the charge. Counsel for the appellant did indicate that appellant drank heavily at times, but there was no evidence that appellant was mentally incompetent as a result. Appellant also testified at the post-conviction hearing and again his testimony seemed coherent. He recollected the events concerning the stabbing and his plea, and his testimony reveals that he was aware of what was transpiring at the degree of guilt hearing.

We conclude, therefore, that the record refutes the appellant's contention that he was incompetent to stand trial and the hearing judge was correct in denying appellant's request for further hearing on this contention.

Appellant's second argument before us is that his plea was not knowingly and intelligently made. On this score, we have suggested on numerous occasions that the trial judge make a searching inquiry of the

---

* The judge asked appellant whether he knew he had been charged with murder, whether he intended to plead guilty, whether he had discussed this plea with his attorneys, whether he understood the consequences of pleading guilty, including the various possible crimes of which he could be convicted and their penalties, and whether he understood that he had a right to a jury trial. He also asked the attorneys whether they had discussed these various points with the appellant.

defendant to ascertain whether his plea of guilty is made knowingly and intelligently. *West*, supra; *McCauley*, supra; *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 7, 222 A. 2d 918 (1966); *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 85, 202 A. 2d 299 (1964), cert. den., 379 U.S. 976 (1965). We are satisfied that the degree of guilt hearing judge conducted a very thorough record examination of appellant before accepting his plea. Appellant was represented by two attorneys at the hearing, one of whom testified that he had discussed this case with appellant and that he thought appellant understood what would happen if he pleaded guilty to murder generally. The postconviction hearing judge chose to believe appellant's attorney's story concerning the discussions they had had about the case. We cannot say on the face of the record that the judge committed error in so ruling.

Therefore, we conclude that appellant's decision to plead guilty was made knowingly and intelligently.

Order affirmed.