**UNITED STATES of America ex rel. Edgar A. DABNEY, H–3578**

**v.**

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 4231.**

United States District Court
E. D. Pennsylvania.
Feb. 13, 1969.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

Before the Court is a petition for a writ of habeas corpus. The relator was indicted for the crime of murder.[1] A jury trial commenced on March 30, 1964. After the Commonwealth had rested, the relator changed his plea to guilty to "murder generally," upon condition that the Commonwealth certify that the crime did not rise higher than murder in the second degree. After accepting the change of plea upon the aforementioned condition, the Court then questioned the relator regarding his understanding of the effect of his plea. He was also informed that the Court would then determine the degree of guilt and the penalty to be imposed. In addition, the relator specifically indicated that he was doing this voluntarily, of his own free will and of his own knowledge.[2]

After taking the testimony of the defendant regarding the degree of guilt, the Court found the relator guilty of murder in the second degree, and sentenced him to imprisonment for not less than nine nor more than twenty years. No appeal was taken. A post-conviction petition was dismissed, after a full hearing, on June 15, 1967. The relator appealed to the Supreme Court, which affirmed on March 15, 1968, 428 Pa. 407, 239 A.2d 310. State remedies have been exhausted.

■ Preliminarily, we determine that the hearing conducted pursuant to the post-conviction petition afforded the relator a complete opportunity to raise any and all of his allegations of error. In his Federal Petition, the relator has merely appended his Pennsylvania Supreme Court petition, thereby raising the identical issues. Considering the thorough and comprehensive hearing which was conducted pursuant to the

---

1. Commonwealth v. Dabney, August Session, 1963, O. & T. No. 429.

2. Trial N.T. p. 78–79.

post-conviction petition, there is no requirement or necessity to conduct another evidentiary hearing. The criteria set forth in 28 U.S.C. § 2254(d) are clearly inapplicable here. See e. g., United States ex rel. Ackerman v. Russell, 388 F.2d 21 (3rd Cir.1968); United States ex rel. Darrah v. Brierley, 290 F.Supp. 960 (E.D.Pa.1968).

Turning then to the merits, the relator's first four allegations can be treated simultaneously. First, it is alleged that a confession which was obtained pursuant to an unlawful arrest was introduced into evidence. Second, it is asserted that evidence obtained by way of an unlawful search and seizure was introduced at trial. Third, the relator alleges that his "coerced" confession was introduced at trial. Fourth, he contends that a statement obtained by police was obtained while he was not represented by counsel.

As previously mentioned, at the conclusion of the Commonwealth's case, the relator changed his plea to guilty to murder generally, after consulting with counsel.

 It is clear that a plea of guilty waives all nonjurisdictional defects. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Commonwealth ex rel. Walls v. Rundle, 414 Pa. 53, 198 A.2d 528 (1964). This specifically includes such allegations as the introduction of a coerced confession, United States ex rel. Kern v. Maroney, 275 F.Supp. 435 (W.D.Pa.1968), or lack of representation by counsel at a pretrial interrogation. United States ex rel. Stamm v. Rundle, 270 F.Supp. 819 (E.D.Pa.1967). The matter was succinctly stated in United States v. Ptomey, 366 F.2d 759, 760 (3rd Cir.1966), as follows:

A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt. Conviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been acquired by the prosecuting authorities. The plea in itself is a conviction upon which sentence may be imposed without further action of the court.

Parenthetically, we note that neither the statement which the relator gave to the police, nor the two incriminating notes which were pinned to the bed sheet covering the victim were introduced into evidence, during the degree of guilt hearing following the relator's plea of guilty. Accordingly, we need make no further inquiry as called for in Commonwealth ex rel. Sanders v. Maroney, 417 Pa. 380, 382, 207 A.2d 789 (1965) regarding the validity and admissibility of evidence presented at a degree of guilt hearing.

 In addition, the relator contends that he was forced to be a witness against himself. Apparently, the relator is alluding to a preliminary hearing which was conducted shortly after he was apprehended. Suffice to say that no statement so obtained was introduced at trial.

 Finally, the relator contends that his guilty plea was not made knowingly and intelligently. However, the meticulous care which both the Court and the relator's counsel took in explaining to the relator the nature and effect of his change of plea would unequivocally indicate the contrary. See trial N.T. pp. 77–79. In addition, at his post-conviction hearing, the relator rather clearly indicated that his motivation for changing his plea was to obtain a lighter sentence. See P.C. N.T. pp. 25–32. Considering the relatively light sentence which the relator received, this decision was indeed well-advised.

The petition is accordingly denied. In my opinion, there is no probable cause for appeal.