**UNITED STATES of America ex rel. William Joseph WILLIAMSON**

v.

**COMMONWEALTH OF PENNSYLVANIA.**

**Misc. No. 4223.**

United States District Court
E. D. Pennsylvania.
April 23, 1969.

**1142**

and sentence because the appeal time expired before he was aware that he had the right to directly appeal and that he has not been given the opportunity to do so *nunc pro tunc.* Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In United States ex rel. Duncan v. Brierley, 277 F.Supp. 751 (E.D.Pa. 1967), petitioner had entered a plea of guilty to murder generally and the degree of guilt was fixed at murder in the first degree. This Court held that since review in collateral proceedings is not an adequate substitute for review on direct appeal where a first degree murder conviction follows a guilty plea to murder generally, due process requires that a defendant be advised of his right to directly appeal and be afforded an opportunity to do so. However, in this case relator pled guilty to robbery and certain related offenses. The only issues available to relator to attack on direct review would have been the validity of the guilty plea and the lawfulness of the sentence. Commonwealth v. Stokes, 426 Pa. 265, 232 A.2d 193 (1967); Commonwealth ex rel. Davis v. Russell, 422 Pa. 223, 220 A.2d 858 (1966). And since both these claims are subject to attack in a collateral proceeding to the same extent as on direct review, and since relator did in fact so pursue them by way of the Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., the inability of relator to pursue them on direct review does not deny to relator any constitutional right. United States ex rel. Duncan v. Brierley, *supra.*

The next contention advanced by relator is that his guilty plea was involuntary because (1) a confession obtained in violation of his constitutional rights was introduced into evidence at a hearing before the sentencing judge, (2) the Court before accepting his plea failed to inquire as to whether he understood the nature and consequences of his plea and (3) prior to the entry of the plea certain assurances which never materialized were made to him by his counsel concerning the length of his sentence and it was in reliance on those assurances that he entered his plea.

William Joseph Williamson, pro se.

S. J. McEwen, Jr., Dist. Atty., R. B. D'Iorio, Asst. Dist. Atty., Delaware Co., Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is a petition by a State prisoner for a writ of heabeas corpus in which relator seeks to attack a guilty plea entered in the Court of Quarter Sessions of Delaware County and the resulting sentence.

Relator's first contention is that he has been denied his constitutional right to direct review of his conviction

■■ Relator's contention that a confession obtained in violation of his constitutional rights was used against him at a hearing before the sentencing judge subsequent to the entry of his guilty plea but prior to sentencing is without merit. The State Court record discloses that at the hearing no objection was interposed to the use of the challenged confession and that although the confession was offered to the hearing judge for his perusal it was not accepted by him. In any event, the guilty plea entered by relator had the effect of waiving all non-jurisdictional defects, including an allegation such as the use of an improperly obtained confession.[1] Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L. Ed.2d 408 (1965); United States v. Ptomey, 366 F.2d 759 (3rd Cir. 1966); United States ex rel. Kern v. Maroney, 275 F.Supp. 435 (W.D.Pa.1968); United States ex rel. Stamm v. Rundle, 270 F. Supp. 819 (E.D.Pa.1967).

■ Relator's contention that the failure of the Court to make an on-the-record inquiry into the voluntary nature of his plea renders it automatically involuntary is without merit. Where an accused is represented by counsel it merely has the effect of shifting the burden to the Commonwealth to establish that the plea was intelligent and voluntary. United States ex rel. Crosby v. Brierley, 404 F.2d 790, (3rd Cir. 1968).

■ The only contention advanced by relator to substantiate his claim that his plea was other than intelligent and voluntary is that his plea was based upon certain assurances by counsel concerning the length of his sentence and that those assurances never materialized. However, at the post conviction hearing in the State Court counsel categorically denied that any such assurances were made to relator and the hearing judge so found. After reviewing the entire State Court record, we are satisfied that the Commonwealth has carried its burden and that the merits of relator's contentions have been disposd of after a full and fair evidentiary hearing in the State Court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), as codified at 28 U.S.C. § 2254; Wade v. Yeager, 377 F.2d 841 (3rd Cir. 1967). We will therefore deny the writ.

There is no probable cause for an appeal.

---

**1.** In a brief appended to the petition a contention is made that the challenged confusion motivated relator's guilty plea. The brief was prepared and submitted to the State appellate courts by counsel who represented relator during the course of his State proceedings. However, this contention was not pressed at relator's post conviction hearing and no mention of it is made in the body of the petition now before this Court. We will therefore treat it as abandoned.