Steven **RANSOM**

v.

**CITY OF PHILADELPHIA et al.**

**Civ. A. No. 68–2736.**

United States District Court,
E. D. Pennsylvania.

March 20, 1970.

Howard R. Detweiler, Philadelphia, Pa., for defendant Pepper.

John Mattioni, Asst. City Solicitor, Philadelphia, Pa., for all other defendants.

## OPINION

LUONGO, District Judge.

Steven Ransom instituted this suit against the City of Philadelphia; Philadelphia General Hospital; William Thornton and Edward Funk, Police Officers; Hallut E. Fillinger, M.D., of the Medical Examiner's Office; Edward J. Hendrick, Superintendent of Prisons; and Samuel F. Pepper, Attorney, alleging violation of the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985.

A motion to dismiss as to Pepper was granted June 18, 1969. The remaining

defendants have now moved for judgment on the pleadings.[1]

 1. The City of Philadelphia is not a person subject to suit within the meaning of the Civil Rights Act. The Phildelphia General Hospital, as an agency of the City, is likewise not subject to suit. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Gittlemacker v. County of Philadelphia et al, 413 F.2d 84 (3d Cir. 1969).

2. Defendant Edward J. Hendrick is Superintendent of Prisons. The complaint charges Hendrick only with holding Ransom in custody after Ransom was certified from juvenile court to stand trial for homicide. That action was pursuant to court order and Hendrick is therefore immune from suit. Dixon v. Maryland, 261 F.Supp. 746 (D. Md.1966); Delaney v. Shobe, 235 F. Supp. 662 (D.Or.1964). *Cf.* Summers v. McNamara, 239 F.Supp. 806 (D.Or. 1965).

3. Dr. Fillinger is the member of the Medical Examiner's Office who performed the autopsy on the victim. As a member of the Medical Examiner's Office, Fillinger is immune from suit for the good faith performance of the duties of his office. Hebert v. Morley, 273 F.Supp. 800 (C.D.Cal.1967). There is no allegation that Fillinger performed his duties in bad faith. Plaintiff's only contention is that Fillinger's findings were not sufficient evidence upon which to certify him for trial on the charge of homicide.

4. The charge against William Thornton and Edward Funk is that they coerced a confession from Ransom. There is no averment as to what use, if any, was made of the allegedly illegally obtained confession. There is no obligation to exhaust state remedies before instituting suit under the Civil Rights Act, but unless and until some use is made of an illegally obtained confession in such a way as to deprive a person of constitutional rights, no claim is stated under the Civil Rights Act. Plaintiff may have to await the outcome of his state court criminal proceedings before he may base a claim upon the allegedly improperly obtained confession. See United States ex rel. Dabney v. Rundle, 295 F.Supp. 920 (E.D.Pa.1969); United States ex rel. Williamson v. Commonwealth of Pennsylvania, 298 F.Supp. 1141 (E.D.Pa.1969).

### ORDER

It is ordered this 20th day of March, 1970, that the Motions of Defendants, City of Philadelphia, Philadelphia General Hospital, Hallut E. Fillinger, M.D., Edward J. Hendrick, William Thornton and Edward Funk, for Judgment are granted.

---

1. The complaint, defendants' answer to plaintiff's complaint, and "answer in rebuttal to defendants' 'answer to plaintiff's complaint' ".