Commonwealth *v.* Schnur, Appellant.

Submitted January 13, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard M. Lovenwirth,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *Paul W. Tressler,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, October 9, 1970:

On December 1, 1955, the appellant, John Schnur, plead guilty generally in Montgomery County to an indictment charging him with the murder of Carl Schwarz. After an extended hearing before a three-judge court, he was found guilty of murder in the first degree and sentenced to imprisonment for life. Throughout, Schnur was represented by privately-retained counsel. No appeal was then filed.

In November 1967, Schnur instituted post-conviction relief proceedings challenging the validity of his conviction and sentence, and also asserting that he had been deprived of his constitutional right to the assistance of counsel in prosecuting an appeal. He was given counsel, and an evidentiary hearing was conducted. Subsequently, the court upheld the conviction and sentence, but directed that Schnur be permitted to file an appeal from the 1955 judgment as if the same were timely filed. This appeal is now before us.

It is first urged that the evidence introduced during the plea proceedings was insufficient as a matter of law to warrant a finding of first degree murder. We disagree.

A reading of the record discloses that the evidence fully justified the trial court in finding that Schnur and Schwarz, who were friends, had an argument while making deliveries by truck to the residences of customers of Schwarz's father; that while Schwarz was in one such residence, Schnur loaded a .22 caliber rifle and shot him as he was returning to the truck; that this shot hit Schwarz in the chest, spun him around and caused him to fall to his knees; that when Schwarz attempted to rise, Schnur then fired a second shot which hit Schwarz in the head, killing him instantly. These findings clearly sustain an adjudication of murder in the first degree. Cf. *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970), and cases cited therein.

It is next asserted that the 1955 plea "should be set aside as being an unintelligent and involuntary plea of guilty." At the PCHA hearing below, no testimony was offered to sustain the alleged involuntariness of the plea. Rather, the testimony of Schnur himself clearly indicated that the plea was his own free and voluntary act. As to the contention that the plea was not intelligently entered, Schnur testified in relevant part, that in 1955 he was illiterate; that prior to trial his counsel explained to him "the different degrees of guilt, and I was under the impression . . . that I was pleading guilty to second degree murder; . . . and I was under the impression that if I plead guilty I would receive second degree murder, and if I plead not guilty before a jury that I could receive first degree." To bolster the contention that the plea was entered without complete understanding of the consequences,

records were introduced to show that Schnur was eighteen years of age at the time of the plea; that he dropped out of school while in the 10th grade; that during his final year in school he was in a "slow learners'" class and failed most subjects; and that in Grade 2B his I.Q. was 90 and only 79 in Grade 6B.

But the foregoing is far from the complete story. The PCHA hearing record also discloses the following: (1) While attending school, Schnur was guilty of excessive absences, reasonably leading to the conclusion that his poor achievement was due in part, if not entirely, to lack of proper application; (2) His own personal testimony at the PCHA hearing evidenced a young man of intelligence capable of clear thinking; (3) His trial counsel, an experienced and well-considered member of the bar, testified that during the preparation of the case Schnur manifested no illiteracy or lack of competency and understanding; (4) Trial counsel met and conferred with Schnur many times prior to trial, during which conferences they fully explained to him, both orally and in writing, his rights to a jury trial and the import and possible consequences if he plead guilty. Finally, a reading of Schnur's testimony at the hearing to determine the degree of guilt demonstrates that he had a complete understanding of the charge levelled against him, a knowledge of the nature and purposes of the plea proceedings, and was capable of cooperating with his counsel. Under the circumstances, the lower court did not err in concluding the guilty plea was knowingly and intelligently entered. Cf. *Commonwealth v. Savage*, 433 Pa. 96, 249 A. 2d 304 (1969), and *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 227 A. 2d 159 (1967).

The final complaint concerns the admission in evidence during the plea proceedings of a confession Schnur gave to the police following his arrest. It is

alleged that it was secured through coercive tactics and its evidentiary use was, therefore, constitutionally proscribed. If this contention were sustained, it would not invalidate the plea, but would require a new hearing to determine the degree of guilt and punishment to be imposed. See *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967). However, the now challenged confession was admitted during the 1955 hearing without objection or the slightest indication that its evidentiary use was open to question. Under the circumstances, the present attack thereon is precluded. *Commonwealth v. Nash*, 436 Pa. 519, 261 A. 2d 314 (1970), and *Commonwealth ex rel. Smart v. Myers*, 424 Pa. 315, 227 A. 2d 831 (1967).

Judgment affirmed.