Commonwealth *v.* Rhine, Appellant.

Submitted May 25, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 9, 1970:
On June 4, 1956, the appellant, Paul Mark Rhine, while represented by two court-appointed counsel, was found guilty of first degree murder by a jury which fixed the penalty at life imprisonment. No motions in arrest of judgment or for a new trial were filed. In 1964 appellant filed an uncounseled habeas corpus petition, alleging deprivation of his right to counsel and use of involuntary confessions by the Commonwealth in obtaining his conviction. This petition was denied. An appeal to our Court from the order of denial received a judgment of non pros in May, 1966 for failure to proceed.

Thereafter, in 1967, the appellant filed a counseled PCHA petition in which he averred as his sole ground for relief that he did not know, nor was he advised by the court or his trial counsel, that he had the right to take an appeal from the 1956 judgment of sentence. The PCHA hearing court granted appellant the right to file post-trial motions *nunc pro tunc.* A motion for a new trial was then filed in which appellant again raised the issue of the voluntariness of his confession.[1] The motion was refused and this direct appeal from the judgment of sentence followed.

While the record shows that at trial the admission of one of the *incriminatory statements into evidence* was objected to on the ground that appellant had not first been advised of his constitutional rights, the voluntariness of the confession was not questioned by appellant or his trial counsel. A second signed statement, given on the day following the first statement, was not objected to. Moreover, appellant testified in his own behalf and restated in large measure the facts contained in the statements which he had given to the police; he also testified that his statements to the police were made without threats or promises and that he was not mistreated at the time he signed the statements. Under the circumstances, the appellant has effectively waived the right to challenge the confession and is not entitled to a hearing pursuant to *Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908 (1964). *Commonwealth v. Nash,* 436 Pa. 519, 261 A. 2d 314 (1970) ; *Commonwealth v.*

---

[1] While the issue raised in the new trial motion had already been litigated in the prior habeas corpus proceeding and decided adversely to appellant, *Commonwealth ex rel. Rhine v. Myers,* 84 Dauphin 120 (1965), appellant was then without counsel and the decision was not *res adjudicata* absent a clear waiver of the right to counsel. The court below therefore correctly considered the charge of involuntariness anew.

*Robinson,* 433 Pa. 88, 95-96, 249 A. 2d 536 (1969) ; *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967).

As part of the argument in support of involuntariness of the confession, appellant asserts that he was not properly advised, before he made any statements to the police, of his right to remain silent and of his right to counsel. There was trial testimony to the contrary, but in any case defendant was not in 1956 constitutionally entitled to the warnings mandated by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694 (1966), or *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977 (1964). *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882 (1966), *Commonwealth v. Nash,* supra.

The motion for a new trial was properly refused. The judgment of sentence is affirmed.