Commonwealth *v.* Smith, Appellant.

152

Submitted May 25, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, June 1, 1971:

In September, 1953, appellant was convicted by a jury of a felony murder arising out of an attempt to

perpetrate a robbery, and sentenced to life imprisonment. No appeal was taken, but in 1968, through a PCHA[1] petition, appellant asserted that he had never been informed of his right to appeal. Post-trial motions *nunc pro tunc* were allowed,[2] and thereafter a new-trial motion was dismissed. This direct appeal followed.

The facts can be briefly summarized: In the early morning hours of July 16, 1953, appellant and his two confederates planned to rob a gasoline station-motel complex situated along state highway Route 22, east of Harrisburg, Pennsylvania. Under the pretext of desiring to rent a room, appellant and one of his co-conspirators lured the 79 year old attendant, David W. Fawber, into one of the motel cabins. When appellant produced his pistol and informed the attendant this was a "stick-up", Fawber began to shout. Appellant struck Fawber on the head with his pistol three times; the weapon discharged on the third blow. The bullet penetrated Fawber's skull and caused his death.

The three men fled to Cleveland, Tennessee, where they were arrested on July 18, 1953. A search of their persons disclosed that appellant was carrying the murder weapon in his pocket. A subsequent search of the automobile in which the trio was traveling revealed an extra clip and a bag of shells for the weapon.

The following day, July 19, representatives of the Pennsylvania State Police arrived at the Bradley County, Tennessee jail where Smith and his companions

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

[2] The order permitting the filing of post trial motions was entered without holding an evidentiary hearing on the PCHA petition. By 1968 the trial judge and appellant's trial counsel both were deceased, the record was silent as to appeal, and the Commonwealth had no means of disproving appellant's allegation of denial of his *Douglas* rights.

were detained. The subjects voluntarily signed extradition papers and were escorted back to Harrisburg on July 20.

Appellant's co-conspirators confessed to the details of the Fawber incident as well as to two other gasoline station robberies committed in the Harrisburg area by them and the appellant within the 24 hour period immediately preceding the Fawber episode. On July 22, in the presence of several police officers and a stenographer, the co-conspirators' inculpatory statements were read to Smith. He corrected these statements by disagreeing with certain parts and by summarizing his version of the three robberies, including the shooting of David Fawber, which appellant described as an accident. This statement was introduced at trial by means of the stenographer testifying from her original notes. Smith's trial testimony covered 119 pages in the typewritten transcript. In it he repeated in considerably greater detail substantially everything contained in his prior oral statement.

The appellant's new trial motion raised numerous issues, all of which continue to be pressed on appeal. We are satisfied that the court below, in its careful 22 page opinion, correctly concluded that no prejudicial error had been committed at any stage of the proceedings.

(1) The appellant alleges that the statement he gave to the police was involuntary and therefore inadmissible at his trial. The basis for this assertion seems to be that the appellant was not given any warnings of his constitutional rights and that he made a request for counsel which was denied. Assuming, *arguendo*, that these assertions are true (both were contradicted by police testimony given at the trial), it is clear that they can afford no basis for relief in this case. The appellant's trial having taken place in 1953, the holding in

*Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977 (1964), requiring states to honor petitioners' requests for counsel is inapplicable. *Johnson v. New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882 (1966).

Furthermore, this Court has repeatedly held that we will not review the voluntariness of a confession when that issue is raised for the first time on appeal. See, e.g., *Commonwealth v. Schnur*, 440 Pa. 132, 269 A. 2d 691 (1970) ; *Commonwealth v. Nash*, 436 Pa. 519, 261 A. 2d 314 (1970). Likewise, when the trial court is not put on notice that the voluntariness of a confession is challenged and appellant testifies to substantially everything contained in his confession, he is not entitled to a Jackson-Denno hearing. *Commonwealth v. Rhine*, 440 Pa. 68, 269 A. 2d 460 (1970) ; *Commonwealth v. Robinson*, 433 Pa. 88, 249 A. 2d 536 (1969).

(2) The appellant contests the admissibility into evidence of the revolver which was seized from his person when he was arrested and of the extra clip and bullets removed from the automobile. The appellant does not challenge the legality of his arrest, but asserts that without a search warrant the arresting officer could not lawfully seize the items of property in question.

The officer who made the arrest in Tennessee testified that he entered the tavern where Smith was apprehended and made a search of his person "right quick". The fully loaded automatic pistol, which was ultimately identified as the murder weapon, was found in the appellant's trouser pocket. Clearly, this was a search and seizure incident to arrest for which no search warrant was necessary. See *Commonwealth v. Cockfield*, 431 Pa. 639, 643, 246 A. 2d 381 (1968) ; *Commonwealth v. Brayboy*, 431 Pa. 365, 369, 246 A. 2d 675 (1968) ; *Commonwealth v. Gockley*, 411 Pa. 437, 446, 192 A. 2d 693 (1963).

As to the pistol clip and bullets found in the automobile, the United States Supreme Court has long distinguished, in applying the Fourth Amendment interdiction of unlawful search and seizure, between warrantless searches of a home or office, on the one hand, and of an automobile, on the other hand. *Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419 (1970). A warrantless search of an automobile can be made even though not "incident to arrest", "provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize." *Id.*, p. 48, 26 L. Ed 2d at 426. Since, however, the record before us is not altogether clear as to whether the appellant was originally arrested for the felony murder committed in Harrisburg or in connection with the disappearance of the automobile in which Smith was traveling, it is not here possible to apply the above test; a stolen car offense would not be likely to have given the officers any belief that the car contained articles they were entitled to seize. This inconclusiveness, however, does not help appellant, for if it be assumed that probable cause was not present to justify the search of the car, it is clear on this record that the admission into evidence of the clip and bullets was harmless error beyond a reasonable doubt. See *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705 (1967). Not only did the Commonwealth have in its case the confession of the appellant and the loaded murder weapon seized from his person, but it also had eyewitness testimony identifying Smith as the gunman at the scene of the two previous robberies and as being one of the two men who were escorted to the cabins by Mr. Fawber shortly before his death. Furthermore, the appellant's own testimony, standing alone, would have been sufficient to convict him of felony murder.

(3) At trial evidence was introduced as to appellant's complicity in the two other gasoline station rob-

beries, one of which occurred the night before and the other the night of the Fawber killing. This evidence consisted of the confession and testimony of the appellant, together with testimony of the victims of those robberies. Appellant now asserts that admission of this evidence was prejudicial error. We disagree.

The circumstances of the two robberies and the Fawber hold-up plainly indicated a common design and *modus operandi* relative to all three happenings. The law of this state is, and was in 1953, that evidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes and the commission of one tends to prove the commission of the other and the identity of the parties charged with the commission. *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A. 2d 334 (1955). Likewise, evidence of the clearly interwoven commission of earlier crimes is admissible to show plan, scheme, motive and design. *Commonwealth v. Raymond,* 412 Pa. 194, 199, 194 A. 2d 150 (1963); *Commonwealth v. Burdell,* 380 Pa. 43, 47, 110 A. 2d 193 (1955); *Commonwealth v. Strantz,* 328 Pa. 33, 44, 195 Atl. 75 (1937); cf. *Commonwealth v. Coyle,* 415 Pa. 379, 388, 203 A. 2d 782 (1964). By the same token, the statement of an accused admitting the actual commission of other crimes, if relevant, is admissible even though no prior convictions for the other crimes have been effected. *Commonwealth v. Coyle, supra,* at 388.

(4) At Smith's trial the prosecution introduced testimony and exhibits to show that while incarcerated in Harrisburg awaiting trial, the appellant was discovered attempting to saw through one of the bars in his cell window. A search of Smith's cell and his person disclosed one hacksaw blade on the window ledge and two blades under each innersole of his shoes. The appellant himself testified that he was attempting to

saw through the bars of his cell; however, he now contends that this evidence prejudiced his right to a fair trial.

The evidence, while not relevant to the issue of guilt of the felony murder, was not admitted for that purpose; it was admitted for the jury's consideration on the penalty to be imposed if they should find the appellant guilty of first degree murder.[3] Prior to the passage of the Split Verdict Act of December 1, 1959, P. L. 1621, 18 P.S. §4701, evidence going both to guilt and punishment was presented to the jury at the same time. See *Commonwealth v. Parker*, 294 Pa. 144, 143 Atl. 904 (1928). The provisions of that act for withholding evidence going to punishment until after the conviction are not retroactive. *Commonwealth v. Coyle, supra,* at 388. Under the "Parker Rule", to enable the jury intelligently to fix the penalty, it was entitled to consider what manner of man it was upon whom they were asked to impose a sentence, including his criminal proclivities and his continuous course of conduct with regard to law and order. *Commonwealth v. Rucker*, 403 Pa. 262, 267, 168 A. 2d 732 (1961); *Commonwealth v. Simmons*, 361 Pa. 391, 401, 65 A. 2d 353 (1949). We think the evidence of appellant's possession and use of the hacksaw blades in an attempt at

---

[3] The relevant part of the trial judge's charge was: "Then we come to the question of the hacksaws. What kind or manner of a man was this? He says that they did not have those hacksaws down in Tennessee. If you believe that they did, that might throw some light on what kind of a man this was and what kind of men he associated with. In other words, did they arm themselves down in Tennessee? Did they conceal upon themselves those hacksaw blades with the intention of coming north and getting prepared for escape in case they were apprehended? Now, you will have to decide how that is *with respect to the penalty, if you come to the point where you determine it is murder in the first degree.*" (Emphasis supplied.)

jail breaking[4] complied with the standards recently summarized in *Commonwealth v. Chapasco,* 436 Pa. 143, 154-55, 258 A. 2d 638 (1969) and was admissible for consideration by the jury for sentencing purposes.

(5) After reviewing the notes of testimony we conclude, contrary to appellant's allegations, that neither the trial judge nor trial counsel were anything but diligent in the performance of their respective duties. The appellant's allegations in this respect are totally unsupported and form no basis upon which relief should be granted.

Appellant's last allegation—that there was a procedural defect on the face of the extradition from which he voluntarily signed in Tennessee—even if correct, afforded him no basis for a new trial and was not properly raised for the first time on a motion for a new trial. Cf. *Commonwealth v. George,* 178 Pa. Superior Ct. 261, 274, 116 A. 2d 253 (1955). The lower court did, however, consider the matter, and held that any irregularity in the extradition papers had been effectively waived. We find no error in this conclusion.

Judgment of sentence affirmed.

Mr. Justice COHEN took no part in the decision of this case.

---

[4] Jail breaking is a felony. Act of June 24, 1939, P. L. 872, §309, as amended, 18 P.S. 4309 (supp. 1970).