Commonwealth *v.* Malone, Appellant.

Argued May 4, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Mary Alice Duffy,* for appellant.

*Mark Sendrow,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

On November 20, 1956, the court below accepted a general plea of guilty on behalf of Julian Malone to an indictment charging him with murder. After an evidentiary hearing, Malone was found guilty by the court of murder in the first degree and was sentenced to life imprisonment. No appeal was then filed, but on March 9, 1970, after a hearing sur a petition seeking postconviction relief, the trial court permitted this direct appeal to be filed as if the same were timely filed.

The first assignment of error challenges the sufficiency of the evidence at the hearing to adjudicate the degree of guilt to sustain a finding of murder in the first degree. As we have stated many times, the test to be applied in determining the sufficiency of the evidence, is whether, accepting as true all of the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Whitaker,* 440 Pa. 143, 269 A. 2d 886 (1970), and *Commonwealth v. Commander,* 436 Pa. 532, 260 A. 2d 773 (1970). The evidence in this case meets this test.

From the testimony, the trial court was warranted in finding the following facts:

Malone, the appellant, and Samuel Broodus engaged in a verbal argument over the payment of an alleged debt, while seated in Broodus' automobile parked on a street in Philadelphia. Following this dispute, Malone left the Broodus vehicle and sat for a short period in a second automobile parked nearby. He then walked to the residence of a friend, situated about two and one-half blocks away, secured a rifle and some ammunition, loaded the gun with ammunition and returned to where the Broodus automobile was parked. When Broodus refused his demand to pay the debt Malone said he owed, Malone, without more, used the rifle to shoot Broodus in the chest. The bullet pierced the heart causing instant death.

On the foregoing facts, the trial court was fully justified in entering an adjudication of guilt of murder in the first degree. Cf. *Commonwealth v. Schnur*, 440 Pa. 132, 269 A. 2d 691 (1970), and *Commonwealth v. Iacobino*, 319 Pa. 65, 178 A. 823 (1935).

It is next urged that the guilty plea should be declared invalid and of no effect because: (1) it was entered by trial counsel, rather than Malone personally; and (2) in any event it was not an intelligent and knowing plea by Malone.

The plea proceedings record discloses that it was counsel who informed the court that Malone was pleading guilty to the indictment, and unfortunately the trial court did not question Malone personally as to his knowledge of the plea or its consequences. However, the plea was entered in Malone's presence and without the slightest indication of any objection on his part. Also, with Malone present, eight witnesses testified for the Commonwealth during the hearing immediately following the entry of the plea, including three eyewitnesses who stated that Malone shot Broodus without

any immediate provocation. Additionally, Malone never attacked the validity of his plea until after more than twelve years had elapsed. And finally, Malone's self-retained trial counsel testified at the post-conviction hearing that before the plea was entered he had many conferences with Malone during which he explained to him the possible consequences, if a guilty plea were entered, or if Malone decided to plead not guilty, and after considering all facets of the case Malone decided the best course to pursue was to plead guilty.

On this record, we find no error of law or abuse of discretion on the part of the court below in refusing to declare Malone's guilty plea invalid. Cf. *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970).

Judgment affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.