**Commonwealth v. McCafferty**

*Samuel F. Bonanita, District Attorney,* for Commonwealth.

*Joseph A. Massa,* for defendant.

WOLFE, *J.,* December 20, 1974.—Defendant, who was tried, nonjury, and convicted on a count of unlawful possession of a schedule 3 substance (indictment indicated a schedule 1 substance), to wit, phencyclidine (PCP), and on a count of unlawful delivery and sale of the said substance to an undercover narcotic agent, has filed a motion for new trial and arrest of judgment.

Defendant alleges the verdict was against the law, the weight of the evidence and that the court erred in reviewing a court record of a prior juvenile hearing involving defendant's brother on the same issue, to wit, sale of a controlled substance to the undercover agent. It is defendant's position in this regard that the court committed error in that it considered hearsay testimony in determining defendant's guilt.

In considering these motions, the court is compelled to evaluate the entire record and the evidence must be read in the light most favorable to the Commonwealth, which, by reason of the verdict, is entitled to all reasonable inferences arising therefrom: Commonwealth v. Zimmerman, 214 Pa. Superior Ct. 61 (1968); Commonwealth v. Moore, 398 Pa. 198 (1959). However, the facts must be able to sustain a verdict beyond a reasonable doubt and if the evidence is insufficient the verdict does not add any weight thereto. It is further hornbook law that a test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, is whether ac-

cepting as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could have properly based its verdict, it is sufficient in law to prove beyond a reasonable doubt defendant is guilty of the crime charged: Commonwealth v. Williams, 432 Pa. 557 (1968); Commonwealth v. Oates, 448 Pa. 487 (1972); Commonwealth v. Malone, 444 Pa. 397 (1971).

At the conclusion of the case, the court, sua sponte, reviewed the record made before it in a prior juvenile hearing wherein defendant's brother was convicted of sale of a controlled substance on the same date in question defendant sold the drugs to the undercover agent. Defendant denied he delivered any drugs to his brother to sell if anyone stopped by their home for them and we set down the following testimony which was given by defendant on cross-examination by the Commonwealth:

"Q. Did you ever give your brother any drugs to sell for you?

"A. No.

"Q. You never did?

"A. No, I never did.

"Q. You are positive that you never gave him any?

"A. Definitely.

"Q. Did you ever give him any drugs?

"A. No.

"Q. You never did? Mr. McCafferty, did you or didn't you?

"A. I might have, yea, I could have, but I can't remember.

"Q. Did you or didn't you?

"A. I can't remember."

The undercover agent testified he was at defendant's home on February 2, 1974, and purchased six hits from defendant's brother and paid $12 for it and

at the time there were juvenile white males in the house. The agent further testified he later went back and at that time defendant was there and he made a purchase from defendant. This testimony is in accord with the officer's testimony delivered at the juvenile hearing which prompted the court to advise defense counsel and the Commonwealth in open court and upon the record the court reviewed the testimony of the defendant's brother and stated the only reason the court reviewed the juvenile record was to determine if what the officer had to say at the juvenile hearing compares to what he testified to at defendant's hearing; that is, whether or not his testimony is the same relating to his two trips to the McCafferty home and thereby to corroborate the officer's testimony that he did make two trips to the house, because at the time of defendant's trial a witness for defendant, Mr. Klakamp, a juvenile, denied the officer was at the McCafferty home a second time on the date in question.

We do not think this violates the hearsay rule. Hearsay is extrajudicial statements offered to prove the truth of the fact asserted. The officer's statement at the juvenile case merely corroborates the statement in the instant case that the officer made two trips to defendant's home on the date in question. For these reasons we find no merit in this objection.

Concerning the allegation the verdict was against the law and the weight of the evidence, we are of the opinion there is sufficient evidence under the law to sustain the verdict if the facts for the Commonwealth are accepted as true and the weight of that evidence would sustain a verdict against defendant. We have no reason to discount the testimony offered by the Commonwealth. The believability in our opinion is with the Commonwealth rather than defendant. We have no

reason to believe that the undercover agent would deliberately and maliciously file a charge against defendant for selling drugs to him if that were not the case and especially so since he filed charges against defendant's brother for sale of drugs to him on the same date.

Thus, we conclude the evidence is sufficient in law to prove beyond a reasonable doubt defendant is guilty of both charges.

Concerning the arrest of judgment, we conclude the evidence was sufficient to sustain the charge and we therefore enter the following

## ORDER

And now, December 20, 1974, the motion of defendant for new trial and arrest of judgment is denied.

Exceptions to defendant.

Defendant is to appear before the Court for sentence when summoned to do so by the district attorney.