## Commonwealth v. Gaudette

*Robert Sacavage, assistant district attorney*, for the commonwealth.
*Michael Apfelbaum*, for defendant.

RANCK, *P.J.*, January 20, 1987—On March 21, 1985 defendant, Harry E. Gaudette, was convicted by a jury of the charges of burglary and theft by unlawful taking. Motions for new trial and in arrest of judgment were denied by this court on March 25, 1986. Defendant was sentenced on June 19, 1986, following which he appealed. This opinion is filed pursuant to Pa. R.A.P. 1925(a) to complete the record on appeal.

Defendant's first issue is that his double jeopardy rights were violated. Defendant went through two trials for two burglaries which occurred on the same night. However, there were two different victims in these cases and there was an accomplice in one of the cases. Because of this, the two incidents did not involve the same criminal incident. By trying the two cases separately, any prejudice that defendant may have suffered by the jury hearing about multiple incidents was eliminated. In addition, since the two cases involved two different victims at two different times, the standards of *Commonwealth v.*

*Campana,* 452 Pa. 233, 304 A.2d 432 (1973) have not been violated.

Defendant next challenges the court's denial of a motion to suppress in-court identification of defendant. That motion was based on the fact that the witnesses had identified defendant at a prior trial. There was nothing to show that there was anything suggestive about the pre-trial identification of defendant. The fact that these two witnesses had identified defendant at an earlier trial did not disqualify them from identifying him at the subsequent trial. To so hold would require that the commonwealth not use all of its witnesses at trial where there is a subsequent trial involving the same defendant. This result would place an unreasonable burden on the commonwealth. Furthermore, a review of the transcript shows that there was an independent basis for the identification and that the identification at the prior trial did not render their present identification unreliable.

Defendant claims that the information should have been quashed in this case because he was allegedly illegally arrested. Defendant was arrested on these charges after he had been arrested by the county detective on other charges. Defendant challenges the county detective's power to effect his arrest.

A county detective is a general police officer and has the power conferred on constables in the commonwealth. 16 P.S. §1440(d). Under Pa.Crim.P. 124(b), a warrant of arrest must be executed by a law enforcement authority. This court has found no case law directly on point. However, as a general police officer, a county detective would have the right to execute a lawful arrest warrant. Therefore, the original arrest was legal and the subsequent arrest on these charges was also proper.

Finally, the issues of weight and sufficiency of the evidence have also been raised. The standard of review in such matters is:

"[W]hether, accepting as true all of the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Stamps*, 493 Pa. 530, 539, 427 A.2d 141, 145 (1981); *Commonwealth v. Malone*, 444 Pa. 397, 398, 281 A.2d 866, 867 (1971).

There was sufficient evidence to support the jury's verdict in this case. The commonwealth presented testimony from two witnesses who placed defendant at the scene of the crime. In addition, there was also testimony about a confession made by defendant. A review of the record shows sufficient evidence to support the jury's verdict.

For all of the above reasons, defendant's motions for new trial and in arrest of judgment were denied.