Opinion
Per Curiam,
The six Judges who heard this appeal being equally divided, the judgment of sentence is affirmed.
Opinion in Support op Affirmance by
Cercone, J.:
Defendant was tried by jury and convicted of the charge of prison breach. He has appealed to this court from the lower court’s refusal of a new trial.
Defendant presents two issues on appeal. He first contends that the court erred in refusing to grant a mistrial because of a reply made by a prospective juror during the voir dire. According to the record, the complained-of reply was given as follows: When asked by the court whether any of the prospective jurors knew the prosecuting witness, Officer Raymond. Magensky of the Pennsylvania State Police, Juror No. 6, Homer Buxton, responded, “I don’t think I should sit on this case”. When asked by the court, “Have you had, some contact with Mr. Magensky that would not qualify you?”, Mr. Buxton replied, “Yes, he stole my car”.[1] After this response by the prospective juror, defense counsel moved for withdrawal of the juror and in the *106 alternate to strike the jury panel. The court removed Mr. Buxton as a prospective juror but refused to grant defense’s motion to strike the jury panel. Knowledge was later received that Homer Buxton’s car had been stolen the evening Mr. Harkins had left jail and that Homer Buxton was referring to the defendant and not to the state trooper as the person who stole his car. Of course, this information was not made available to the jury panel and they were not aware thereof.
I believe the lower court properly held that no prejudicial error had resulted to defendant by reason of the prospective juror’s statement. As the court’s opinion states“Those persons who were in the court room and heal’d it did not hear any accusation that the defendant had done anything. While it is strange for a prospective juror to accuse a state policeman of stealing his car the jury could reasonably infer that possibly Mr. Buxton and Trooper Magensky had had some sort of disagreement at a prior time”.
The second issue raised on appeal is whether or not the trial court had erred in refusing to grant a mistrial after the Commonwealth’s witness, Joseph Brenneman, testified that defendant had escaped from custody on a prior occasion. In view of the record’s clear proof of defendant’s guilt of the prison breach in the instant case, the improper introduction into evidence of the unrelated prior prison breach cannot be viewed as prejudicial error entitling defendant to a new trial. Applying the governing test of Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), the record as a whole raises no reasonable doubt that the jury’s verdict was not influenced by the improperly admitted evidence.[2]
*107 A study of the record reveals that the refusal of a new trial was proper. Accordingly, I would affirm the order of the court below.
Weight, P. J., and Watkins, J., join.

 Defense counsel’s recollection is that the witness had merely stated: “Ho stole my car”.

 Also see: Commonwealth v. Robinson, 221 Pa. Superior Ct. 167 (1972).