328 A.2d 156
**COMMONWEALTH of Pennsylvania**
v.
**James F. HARKINS, Appellant.**

Supreme Court of Pennsylvania.
Argued Oct. 1, 1973.
Decided Nov. 20, 1974.

John J. Regule, Mercer, for appellant.

Joseph J. Nelson, Dist. Atty., Robert F. Banks, First Asst. Dist. Atty., Mercer, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

198

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, James F. Harkins, was tried by a jury and convicted of prison breach. Post-verdict motions were denied and he was sentenced to prison for not less than two nor more than four years. On appeal, the Superior Court was evenly divided and the judgment of sentence therefore remained in effect. *Commonwealth v. Harkins*, 222 Pa.Super. 104, 295 A.2d 118 (1972). We granted appellant's petition for allowance of appeal.

Appellant first contends that he was prejudiced when a prospective juror, in the presence of other prospective jurors who later served on the jury, accused the appellant of a crime other than the crime for which appellant was to be tried. We agree and reverse the judgment of sentence and grant a new trial.

During the voir dire, prospective jurors, who were being questioned collectively, were instructed by the trial judge to "raise your hand" if "you are related . . . or personally acquainted with Raymond Magensky, the prosecutor in this case . . . " None of the prospective jurors raised a hand. Before any other questions were asked, however, prospective juror number six said aloud to the trial judge: "I don't think I should sit on this case." The trial judge then asked: "Have you had some contact with Mr. Magensky that would not qualify you?" The prospective juror said: "Yes, he stole my car." Defense counsel's motion to strike the panel was denied but juror number six was excused. Prospective jurors who heard the accusation thereafter served on the jury trying the appellant for prison breach.

 When juror number six made this accusation he was referring to the appellant whom he recognized as one suspected of stealing the juror's car on the same

night the appellant allegedly committed the prison breach. Since the other prospective jurors also could have reasonably understood that the accusation was directed at the appellant, we must conclude that defense counsel's request for the striking of the panel should have been granted. "The minimal standards of constitutional due process guarantees [sic] to the criminally accused a fair trial by a panel of impartial and 'indifferent' jurors. . . . " *Commonwealth v. Stewart,* 449 Pa. 50, 52, 295 A.2d 303, 304 (1972). See also *Commonwealth v. Bobko,* 453 Pa. 475, 309 A.2d 576 (1973). "Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula." *United States v. Wood,* 299 U.S. 123, 145–146, 57 S.Ct. 177, 185, 81 L.Ed. 78, 88 (1936). "The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." *Patterson v. Colorado,* 205 U.S. 454, 462, 27 S.Ct. 556, 558, 51 L.Ed. 879, 881 (1907).

In *Commonwealth v. Santiago,* 456 Pa. 265, 318 A.2d 737 (1974), we reversed a conviction because certain jurors had received nontestimonial information that the defendant had committed a crime other than that for which he was being tried. Similarly, in this case, jurors received nontestimonial information of a prior crime other than that for which the appellant was being tried. The appellant was therefore deprived of a fair trial by a panel of impartial and indifferent jurors.

■ The only arguments raised by the prosecution in this appeal concern the issue of harmless error. Initially, we must reject the prosecution's contention that it should not be required to establish that the error was

harmless beyond a reasonable doubt. Under the Sixth Amendment to the United States Constitution and under Article I, Section 9 of the Pennsylvania Constitition, P. S., the appellant was entitled to a trial by an impartial jury. Since these rights were violated, the prosecution had the burden of proving that the error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, reh. den. 386 U.S. 987, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Commonwealth v. Pearson,* 427 Pa. 45, 233 A.2d 552 (1967); *cf. Commonwealth v. Padgett,* 428 Pa. 229, 237 A.2d 209 (1968).

The prosecution has failed to establish that the error was harmless beyond a reasonable doubt. Error cannot be harmless beyond a reasonable doubt if there is a reasonable possibility that the information received by the jury contributed to the conviction. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, reh. den. 386 U.S. 987, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L. Ed.2d 340 (1972).

When the jury learns that the person being tried has previously committed another crime, the prejudicial impact cannot be considered insignificant. "The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence." *Commonwealth v. Groce,* 452 Pa. 15, 19, 303 A.2d 917, 919 (1973). "The fact that a reasonable inference of a prior criminal record is present in the minds of the jurors *in and of itself mandates a new trial.*" (Emphasis added.) *Commonwealth v. Allen,* 448 Pa. 177, 183, 292 A.2d 373, 376 (1972).

The appellant also contends that he was prejudiced when a prosecution witness, during direct examination,

referred to yet another crime allegedly committed by the appellant. There is no need to consider this issue.

The judgment of sentence is reversed and a new trial granted.

EAGEN, J., concurs in the result.