330 A.2d 535
**COMMONWEALTH of Pennsylvania**
**v.**
**Richard B. GLENN, Appellant.**

Supreme Court of Pennsylvania.
Argued Oct. 9, 1974.
Decided Nov. 20, 1974.

John J. Dean, John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Asst. Dist. Atty., John J. Hickton, Dist. Atty., John M. Tighe, First Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Richard B. Glenn, was tried by a judge and jury and found guilty of murder in the first degree. Post-trial motions were denied and appellant was sentenced to life imprisonment. This appeal followed.

Appellant's conviction arose out of the murder of his father, Dr. Richard A. Glenn, on January 31, 1972. In this appeal, appellant raises two trial errors in support of his request for reversal of the judgment of sentence.

Appellant first argues that his privilege against self-incrimination was violated when the Commonwealth was permitted to offer on rebuttal the testimony of Dr. Bowman, a staff psychiatrist for the Allegheny County Behavior Clinic. Dr. Bowman had interviewed appellant at the Behavior Clinic pursuant to a local rule of court and testified, contrary to the defense psychiatrist's testimony, that appellant was not psychotic at the time he murdered his father, this testimony being relevant on the issue of the degree of homicide. Appellant contends that this testimony was violative of our pronouncement in *Commonwealth v. Pomponi*, 447 Pa. 154, 284 A.2d 708 (1971). We do not agree.

548

█ Appellant in the instant case was not compelled to answer the questions of the Commonwealth's psychiatrist and, in fact, refused to answer many questions, telling the psychiatrist that he had been informed by his lawyer not to answer any questions that might incriminate him. Under this set of facts, it becomes apparent that appellant was aware of his privilege against self-incrimination at the time he was questioned by the prosecution's psychiatrist and chose to answer those questions he thought would not incriminate him. Moreover, Dr. Bowman's testimony made no direct reference to answers given to him by appellant, nor did he testify to any damaging admissions. Under these circumstances, we fail to find a violation of appellant's right against self-incrimination.

█ Appellant next argues that prejudicial error was committed when the Commonwealth's psychiatrist stated in the presence of the jury that appellant had exercised his privilege against self-incrimination during the course of his interview with appellant. We agree with appellant that this remark was prejudicial and that it may have been grounds for a mistrial, had appellant's counsel so requested under Rule 1118 of Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix. However, since appellant's counsel only interposed an objection to the remark and the trial judge immediately instructed the jury to disregard the remark, and admonished them that they could not and should not draw any unfavorable inferences from the remark, we are of the opinion that appellant's rights were fully protected. Cf. *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972). Moreover, we are of the opinion that this type of remark is not one that would allow a trial judge to *sua sponte* declare a mistrial, which is obviously what appellant alleges should have occurred. Cf. *Commonwealth v. Stewart*, 456 Pa. 447, 317 A.2d 616 (1974).

■ Finally, appellant raises other allegations of error that he failed to object to at trial and has, therefore, waived them on appeal. See *Commonwealth v. Clair*, Pa., 326 A.2d 272.

Judgment of sentence affirmed.