342 A.2d 97

COMMONWEALTH of Pennsylvania, Appellee,

v.

Michael BORSCHELL, Appellant (three cases).

Supreme Court of Pennsylvania.

Argued Jan. 22, 1974.

Decided July 7, 1975.

606

Andrew G. Gay, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Bonnie Leadbetter, Philadelphia, Pa., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

EAGEN, Justice.

On October 17, 1968, at approximately 9:00 a. m., three men entered the Philadelphia residence of Dr. Frank Washick and, while holding the Washick family at gunpoint, proceeded to ransack the home looking for coins and jewelry. The entrance was conducted pursuant to a pre-conceived plan devised by the appellant, Michael Borschell, who had, in addition, supplied a white 1965 Buick automobile for use as the getaway vehicle. Borschell, himself, was not present at the Washick residence. Soon thereafter, two police officers, responding to a telephone call from Mrs. Washick, arrived at the crime scene. Immediately upon entering the Washick residence one of the police officers, William Lackman, was shot and fatally wounded by one of the intruders. Borschell was subsequently taken into police custody and charged with murder, burglary and aggravated robbery.

After a jury trial, Borschell was convicted of all the charges. Post trial motions were denied and a sentence of life imprisonment was imposed on the conviction of murder in the first degree. Prison sentences of ten to twenty years were imposed on the burglary and aggravated convictions; these sentences to run concurrently with the life imprisonment sentence and consecutively to each other. An appeal from the judgment of sentence imposed on the murder conviction was filed in this Court. Appeals from the burglary and aggravated rob-

bery convictions were filed in the Superior Court and later certified here. The appeals were consolidated for argument and disposition.

■■ Borschell does not question the sufficiency of the evidence to sustain the jury's verdict.[1] He does, however, contend the trial court erred in permitting three Commonwealth witnesses to testify, over defense objection, about prior home burglaries allegedly participated in by Borschell.[2] We disagree.

■ As a general rule evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. See *Commonwealth v. Groce,* 452 Pa. 15, 303 A.2d 917 (1973); *Commonwealth v. Foose,* 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Burdell,* 380 Pa. 43, 110 A.2d 193 (1955). But, as noted in *Commonwealth v. Wable, supra,* 382 Pa. at 84, 114 A.2d at 336–337, "sometimes there exist . . . 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well established principle that evidence of other crimes *is* admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial,—in other words where there is

1. We have independently reviewed the evidence and we are satisfied it was sufficient to sustain the jury's verdict.

2. Borschell, at trial, took the stand in his own defense and on cross-examination admitted his participation in these prior burglaries. He now contends it was a violation of the Act of March 15, 1911, P.L. 20, § 1, 19 P.S. § 711, to permit him to be cross-examined concerning these prior burglaries. However, as no objection was interposed to this cross-examination, Borschell is foreclosed from raising this issue on appeal. See *Commonwealth v. Glenn,* 459 Pa. 545, 330 A.2d 535 (1974); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other." [Emphasis in original.] See also McCormick, Law of Evidence, § 190 (2d ed. E. Cleary 1972). Instantly, the circumstances surrounding the prior burglaries alluded to by the Commonwealth witnesses and the Washick burglary were so very close in nature and in time as to bring the situation within the above exception.

 Herein the testimony of these Commonwealth witnesses established the commonality of the burglaries. The record demonstrates that between late September and mid-October of 1968, a series of burglaries took place in the Philadelphia area. Each involved the entry of a private home and the theft of valuables, primarily coins and jewelry. More importantly, each was masterminded by Borschell and, in each instance, a white 1965 Buick automobile supplied by Borschell, served as the getaway vehicle. Moreover, one William Russell served, as the "fence" in disposing of the bounty gathered in each burglary. These very characteristics marked the Washick burglary indicating it was but a part of a larger scheme or operation. Under these circumstances, it may not be said the trial court erred in permitting the testimony relating to the prior crimes. Cf. *Commonwealth v. Smith*, 443 Pa. 151, 277 A.2d 807 (1971); *Commonwealth v. Wable, supra*.

Judgments affirmed.

ROBERTS, J., filed a concurring opinion.

NIX, J., concurs in the result.

MANDERINO, J., filed a dissenting opinion.

JONES, C. J., did not participate.

610

ROBERTS, Justice (concurring).

In my view, " ' "[e]vidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of defendant to commit the crime." ' " *Commonwealth v. Brown,* 462 Pa. 578, 594, 342 A.2d 84, 92 (1975) (concurring opinion), quoting *Commonwealth v. Boykin,* 450 Pa. 25, 33, 298 A.2d 258, 262 (1972) (concurring opinion of Roberts, J., joined by Jones, C. J.). The evidence of appellant Borschell's participation in prior burglaries of other private homes was relevant for permissible purposes. The heart of the Commonwealth's evidence of appellant's complicity in the Washick robbery consisted of the testimony of three persons reciting statements made to them by appellant indicating that he had "master-minded" the Washick crime. An obvious question, likely to occur to the jury and to affect their evaluation of the weight of the testimony of the three witnesses, was why appellant would make incriminating admissions to innocent acquaintances. This question was answered when the witnesses were permitted to testify that they were in fact not innocent acquaintances but appellant's confederates in prior burglaries. Explaining how and why the witnesses learned of what they testified about is surely a relevant purpose distinct from showing appellant's burglarious disposition.

Furthermore, I am not persuaded that the risk of prejudice to appellant outweighed the probative value of explaining to the jury how and why the witnesses acquired their information. See *Commonwealth v. Brown, supra* (concurring opinion) ; compare *Commonwealth v. Terry,* 462 Pa. 595; 603; 342 A.2d 92, 96 (1975) (dissenting opinion). Finally, in my view, if evidence of other offenses is admitted, "the defendant is entitled upon request to a limiting instruction charging the jury that it is not permitted to draw the inference from the evidence of other offenses that the defendant by character was

predisposed to commit the crime charged." *Commonwealth v. Brown, supra,* 462 Pa. at 578, 342 A.2d at 84 (concurring opinion). Appellant received such an instruction in this case.*

Accordingly, I concur in the result.

MANDERINO, Justice (dissenting).

The law is clear that as a general rule the prosecution cannot introduce evidence of prior criminal conduct for which the accused is not on trial in order to prove the charge being tried. *Commonwealth v. Groce,* 452 Pa. 15, 203 A.2d 917 (1973); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972); *Commonwealth v. Foose,* 441 Pa. 173, 272 A.2d 452 (1971). Certain *limited* exceptions to this general rule have been recognized. *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75 (1937); *Commonwealth v. Chalfa,* 313 Pa. 175, 169 A. 564 (1933).

The majority opinion states that a common design may be found in the burglaries testified to by the prosecution's witnesses because the circumstances surrounding those burglaries "were so very close in nature and in time as to bring [them] within the above exception," and because each was "masterminded" by appellant. This argument has no merit in this case.

The three witnesses for the prosecution did not indicate that there was anything unique in the kind of property sought to be obtained. Nor was there any evidence that the modus operandi of the other alleged burglaries was unique or identical to the burglary and robbery of the Washick home, or to each other. In fact, one of these witnesses testified that the prior burglaries were

---

* "Members of the jury, the fact that the defendant has perpetrated burglaries, howsoever many there are he did, it does not follow that therefore he committed this burglary. Therefore, you will not consider that this man has committed this burglary because he committed other burglaries."

not even planned, but that the homes were just "picked out." Another testified that some of these prior burglaries were done at night while others were done during daylight hours. Another testified that on the prior burglaries it was the appellant who went into the houses, some of which were in Philadelphia and some of which were in New Jersey. This witness also testified that some of the burglaries were planned by appellant while others were planned by "Bill." Moreover, none of the men involved in the Washick robbery were involved in any of the other home burglaries, and although the three witnesses for the prosecution testified that they participated with the appellant in other home burglaries, none of these three witnesses participated in the robbery of the Washick home.

The testimony of the three witnesses established only that the appellant was involved in other home burglaries in which his rental car was used. The majority's interpretation of this exception emasculates the general rule prohibiting introduction of evidence of prior criminal conduct. *See Commonwealth v. Foose, supra.* "The presumed effect of such evidence [of prior criminal conduct] is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence." *Commonwealth v. Groce,* 452 Pa. 15, 19, 303 A.2d 917, 919 (1973). Evidence of prior criminal conduct "should be received with the utmost caution." *Commonwealth v. Chalfa,* 313 Pa. 175, 177, 169 A. 564, 565 (1933). It was error to permit the prosecution witnesses to testify about appellant's alleged prior criminal conduct. Such error cannot be harmless. *Commonwealth v. Harkins,* 459 Pa. 196, 328 A.2d 156 (1974), *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972), *Chapman v. California,* 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824 (1967).

Judgment of sentence should be reversed and a new trial granted.