356 A.2d 756
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles HALE.**

Supreme Court of Pennsylvania.

Submitted March 8, 1976.

Decided May 12, 1976.

294

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Jones, Asst. Dist. Attys., Pittsburgh, for appellant.

Samuel A. Vitaro, Ronald A. Berlin, Welsh S. White, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal [1] by the Commonwealth from an order of the court of common pleas granting appellee's motion for new trial. Appellee, Charles Hale, was convicted after a non-jury trial of murder in the first degree. Judgment of sentence of life imprisonment was imposed.

Appellee filed a motion for new trial and arrest of judgment alleging that the verdict was against the weight of the evidence and that certain psychiatric testimony was erroneously allowed in evidence. The court of common pleas ruled that there was sufficient evidence admitted at trial to sustain the conviction, but granted the motion for new trial because the trial court erred by admitting the psychiatric evidence which was obtained in violation of appellee's fifth amendment right against self-incrimination.

The trial court found that Dr. Bowman, the psychiatrist who had examined appellee, had told appellee that the results of the psychiatric examination would be used only to aid the sentencing judge if appellee was found guilty. Dr. Bowman testified at trial however, that appellee was sane at the time he shot the victim. The trial court found that Dr. Bowman did not give appellee proper warnings before the interview and that the Commonwealth did not sustain its burden of showing that appellee waived his fifth amendment right or his right to have counsel present while being questioned.

In *Commonwealth v. Pomponi*, 447 Pa. 154, 162, 284 A.2d 708, 712 (1970), we held that "the fifth amendment protects a defendant from being compelled to answer questions asked of him by the psychiatrist for the

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202 (1), 17 P.S. § 211.202(1) (Supp.1975).

Commonwealth" when the psychiatric examination is for the purpose of determining defendant's guilt or innocence.[2]   See also *Commonwealth v. Byrd*, 421 Pa. 513, 219 A.2d 293, cert. denied, 385 U.S. 886, 87 S.Ct. 181, 17 L.Ed.2d 114 (1966); *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1968); *Commonwealth v. Musto*, 348 Pa. 300, 35 A.2d 307 (1944).   Thus, before answering questions which may be used to incriminate him the person whom the psychiatrist questions should be warned of his rights.   Cf. *Commonwealth ex rel. Finken v. Roop*, 233 Pa.Super. 722, 339 A.2d 764 (1975). See also *Commonwealth v. Glenn*, 459 Pa. 545, 330 A.2d 535 (1974).   As the trial court found, because of the failure to warn appellee of his rights and because the psychiatrist misled appellee concerning how the examination would be used, the Commonwealth did not sustain its burden of showing that appellee made a knowing, voluntary and intelligent waiver of his rights.   See *Commonwealth v. Jones*, 457 Pa. 423, 434, 322 A.2d 119, 126 (1974); *Commonwealth v. Singleton*, 439 Pa. 185, 266 A.2d 753 (1970).

■   The Commonwealth does not now argue that the psychiatrist's testimony was admissible.   It argues that receiving his testimony was harmless error.   In order for an error of constitutional dimension to be found harmless, the Commonwealth must establish beyond a reasonable doubt that the error did not contribute to the judgment.   *Commonwealth v. Bullard*, 465 Pa. 341, 350 A.2d 797 (1976); *Commonwealth v. Davis*, 452 Pa. 171, 177, 305 A.2d 715, 719 (1973); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In *Commonwealth v. Davis*, supra, this Court acknowledged:

"one exception to the general proposition that if there is a reasonable possibility that the constitutional error

---

**2.** Compare *Commonwealth v. Bruno*, 435 Pa. 200, 255 A.2d 519 (1969).

might have contributed to the conviction, the error cannot be harmless. That exception is presented by those cases where the 'properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the . . . [constitutional error] is so insignificant by comparison, that it is clear beyond a reasonable doubt that the . . . [constitutional error] was harmless error.' *Schneble v. Florida,* 405 U.S. [427], at 430, 92 S.Ct. [1056], at 1059, [31 L.Ed.2d 340] (1972); see *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

It should be emphasized that a conclusion that the properly admitted evidence is 'so overwhelming,' and the prejudicial effect of the constitutional error is 'so insignificant' by comparison, that it is clear beyond a reasonable doubt that the error is harmless, is not to be arrived at lightly. For the effect of such a conclusion is to affirm a conviction where it is conceded that an error of constitutional proportions contributed in some degree to the conviction."

452 Pa. at 178–79, 305 A.2d at 715.

On this record we cannot say that the evidence of guilt is so overwhelming and the effect of the testimony so insignificant that its admission was harmless error.

Appellee was charged with the fatal shooting of his former girlfriend Melba Cox. Appellee's only defense was that he was insane at the time of the shooting. He presented lay testimony of his strange behavior when he shot the victim and psychiatric evidence that he was suffering from a mental disorder so that he did not know what he was doing when he fired the fatal shots. Dr. Bowman was the only expert witness offered by the Commonwealth to testify that appellee was sane. Dr. Bowman testified that appellee suffered no severe mental illness which would have impaired his mental capacity.

Appellee's sanity was the critical issue in the case. The most powerful evidence rebutting the testimony of

the defense witnesses was the testimony of Dr. Bowman. The only other evidence of appellee's sanity was the testimony of lay witnesses who testified that appellee conducted himself normally after the shooting. Because this was such a critical issue and because the testimony of Dr. Bowman was neither cumulative nor insignificant we cannot conclude beyond a reasonable doubt that the error did not contribute to the judgment.

Order of the court of common pleas granting a new trial affirmed.

EAGEN and NIX, JJ., concur in the result.