369 A.2d 1276

**COMMONWEALTH of Pennsylvania**

v.

**Michael BUNDY, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1976.

Decided Feb. 28, 1977.

Wayne R. Cromie, I. Harry Checchio, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted of murder of the first degree after a jury trial. Posttrial motions were denied and appellant was sentenced to life imprisonment.

Appellant raises six issues on appeal: (1) the sufficiency of the evidence to sustain the verdict; (2) the admission of testimony regarding the lighting conditions at the scene of the crime; (3) the manner of impeachment of a defense witness; (4) denial of appellant's challenge for cause of a juror; (5) the validity of his indictment; and (6) failure to suppress his admissions to the police.

Appellant waived the last two issues because he did not raise them in post-trial motions. E. g., *Commonwealth v. Kearney*, 459 Pa. 603, 606, 331 A.2d 156, 157 (1975). Moreover, appellant has new appellate counsel who has not raised the issue of the ineffective assistance of trial counsel for failure to preserve these claims for appellate review. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

An examination of the record demonstrates that appellant's remaining claims are without merit and that the evidence is sufficient to sustain the verdict.

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice (dissenting).

I dissent. Appellant contends that, during voir dire, the trial court erred in denying his challenge for cause of

the wife of the Chief Police Inspector of the City of Philadelphia. I agree. Due process considerations require that an accused be accorded a fair trial "by a panel of impartial and 'indifferent' jurors." *Commonwealth v. Harkins*, 459 Pa. 196, 199, 328 A.2d 156, 157 (1974). In *Harkins*, we continued, saying:

> " 'Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula.' *United States v. Wood*, 299 U.S. 123, 145–146, 57 S.Ct. 177, 185, 81 L.Ed. 78, 88 (1936). 'The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print.' *Patterson v. Colorado*, 205 U.S. 454, 462, 27 S.Ct. 556, 558, 51 L.Ed. 879, 881 (1907)."

*Id.* at 199, 328 A.2d at 157.

Prosecution witnesses in this case were members of the same police department as the juror's husband. The record discloses that her husband was the Chief Police Inspector of the Philadelphia Police Detectives, and that he shared office space with the Chief Inspector of the Homicide Detectives. Furthermore, the record reveals that the juror and her husband often socialized with the Chief of the Homicide Detectives and his wife. Because of her husband's position, and because of the various social ties existing between the potential juror and other members of the police force and their families, the possibility that the juror would have unconscious prejudices causing her to unwittingly favor the prosecution is great in this case.