J-A29045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
           v.   :
  :
  :
  :
THOMAS WILLIAM STEVENSON, JR.   :
  :
       Appellant   :   No. 439 WDA 2023

Appeal from the PCRA Order Entered March 24, 2023
In the Court of Common Pleas of Butler County
Criminal Division at CP-10-CR-0001689-2017

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:          **FILED:  January 4, 2024**

Thomas William Stevenson, Jr. (Appellant), appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), *see* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court set forth the factual history in a prior appeal:

Corporal Michael Lewis testified that on September 9, 2015, he used a confidential informant [], Amanda Beck, to perform a controlled buy of drugs from [Appellant].  Beck performed several controlled buys for Corporal Lewis in exchange for anticipated leniency for her own pending drug arrest.  On this occasion, Corporal Lewis asked Beck to call her dealer, [Appellant], and set up a heroin buy.  She then went to the police barracks.  Corporal Lewis confirmed that she was not carrying drugs[.] Corporal Lewis provided Beck with $240 in marked cash and a video camera disguised as a key fob, which he asked Beck to use to record a picture of [Appellant] and his apartment number, as well as anything else that she could capture without detection.  Corporal Lewis then drove Beck to the apartment building where she was to conduct a drug buy.

Beck testified that when they arrived[,] she walked up the stairs in the apartment building, knocked on the door, and [Appellant] answered. She gave him the money and then went to retrieve the heroin bags[,] which [Appellant] had hidden behind a fire extinguisher in the hall outside of his apartment. When she picked up the heroin [Appellant] had set aside for her, Beck realized that [Appellant] had shorted her a couple of bags, and so [she] went back to the apartment. There[, Appellant] retrieved the extra bags and gave them to [Beck]. Beck then walked back to Corporal Lewis's car, and gave the bags of heroin to him.

During [Appellant's jury] trial, the Commonwealth introduced the video recording that Beck captured of the sale, without any objection. The Commonwealth provided evidence that the drugs purchased were identified as 28 stamp bags of heroin.

At the close of the Commonwealth's case-in-chief, defense counsel orally moved for judgment of acquittal, stating simply, "I would like to make a motion for judgment of acquittal based upon the facts …. I defer to Your Honor on the testimony and evidence that's been presented." The court denied the motion.

During jury deliberations, the court received a note from jurors asking to watch the video of the controlled buy, and asking, "Does everyone confirm person male [*sic*] in video is [Appellant?]" The trial court declined to answer the question regarding the identity of the male. However, [the court] brought the jury back into the courtroom to watch the video. After watching the video in the courtroom, the prosecutor offered to send his laptop containing a copy of the video back with the jury into the jury room:

> District Attorney: Your Honor, do you want the video to go back with them?
>
> THE COURT: If you want to send your laptop back with them?
>
> District Attorney: I'm okay with that.
>
> Defense Counsel: Do you have any files on there?

- 2 -

> THE COURT:  It is an exhibit, so, they're welcome to look at it.
>
> District Attorney:  All right.  Can you set it up so they can play it?
>
> THE COURT:  Okay.  We're adjourned.

*Commonwealth v. Stevenson*, 237 A.3d 1075, 558 WDA 2019 (Pa. Super. filed June 9, 2020) (unpublished memorandum at 1-3) (citations and some brackets omitted).  Pertinently, Appellant did not testify.

The jury convicted Appellant of possession of heroin, possession with intent to deliver heroin, and possession of drug paraphernalia.[1]  The trial court sentenced Appellant to an aggregate 33 to 132 months in prison.  On direct appeal, this Court affirmed the judgment of sentence.  *See id.* (unpublished memorandum).  Appellant did not seek review in the Pennsylvania Supreme Court.

On June 23, 2021, Appellant *pro se* filed the instant timely PCRA petition.  The PCRA court appointed counsel who, after receiving several extensions of time, filed an amended petition on Appellant's behalf.  The PCRA court held a hearing.  Appellant's trial and direct appeal counsel, Komron Maknoon, Esquire (Attorney Maknoon), testified.  On March 24, 2023, the PCRA court denied Appellant's PCRA petition.

---

[1] 35 P.S. § 780-113(a)(16), (30) and (31).

- 3 -

Appellant filed a timely notice of appeal. The PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

I. Appellant's trial/appellate counsel provided ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

a. Appellant's trial/appellate counsel was ineffective for failing to properly plead Appellant's issues on direct appeal and/or properly preserve the issues for appeal, thus waiving all issues for direct appeal.

b. Appellant's trial/appellate counsel was ineffective for failing to object or request a mistrial during the Commonwealth's opening and closing arguments when the prosecutor injected his personal opinion as to the credibility of the Commonwealth witness.

c. Appellant's trial/appellate counsel was ineffective for failing to request a no adverse-inference jury charge, and Appellant was prejudiced as a result of the omission.

d. Appellant's trial/appellate counsel was ineffective for failing to lodge an objection to the prosecutor providing his laptop to the jury in the deliberation room to review the video of the alleged drug transaction.

e. Appellant's trial/appellate counsel was ineffective for failing to object to the numerous comments made at trial by Commonwealth witnesses regarding alleged prior bad acts committed by Appellant when no notice was provided by the Commonwealth under Pa.R.E. 404(b).

f. Appellant's trial/appellate counsel was ineffective for failing to seek a motion to strike the jury panel at the time of jury selections after learning that one of the jurors was the aunt of the Commonwealth witness as said prospective juror was left alone with the jury panel[,] thus potentially tainting the jury.

II. The trial court erred in denying Appellant's PCRA petition.

Appellant's Brief at 7-8 (some capitalization altered).

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009).

Appellant raises numerous ineffective assistance of counsel claims. We presume that counsel is effective, and the appellant bears the burden of proving otherwise. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate

> (1) The underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of this test is fatal to an ineffectiveness claim. *See id.*

First, Appellant asserts Attorney Maknoon was ineffective for failing to preserve various claims for appeal. *See* Appellant's Brief at 16-22. On direct appeal, Appellant argued 1) there was insufficient evidence to sustain his convictions; 2) the verdict was against the weight of the evidence; 3) the trial court erred by permitting the jury to view a video of the controlled buy on the prosecutor's laptop during deliberations; and 4) the trial court erred by denying Appellant's motion for judgment of acquittal. This Court concluded

Appellant waived all four issues. *See Stevenson*, 558 WDA 2019 (unpublished memorandum).

In his argument, Appellant points only to Attorney Maknoon's acknowledgement, during the PCRA hearing, that these four issues were waived on direct appeal, and counsel had no reasonable basis for his failure to properly preserve the claims. Appellant's Brief at 21 (citing N.T. (PCRA), 11/17/22, at 7-9). Appellant states,

> In reviewing the totality of the circumstances, it is clear that the evidence presented at trial was insufficient to support that Appellant constructively and/or actually possessed the narcotics and paraphernalia in question nor possessed them with the intent to deliver.

*Id.* Appellant does not address the merits of the underlying sufficiency claim, or discuss potential merits of the other three issues that were waived on direct appeal. *See generally Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) ("We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument…." (citation omitted)). Absent an adequate discussion of the previously waived claims, Appellant fails to establish that the issues would have entitled him to relief, had Attorney Maknoon properly preserved them for review.[2] Thus, Appellant's first claim fails.

---

[2] Appellant also challenges the jury's access to the controlled-buy video in a separate issue, which we discuss *infra*.

Appellant also argues Attorney Maknoon was ineffective for failing to object to the prosecutor's comments about Beck's credibility during opening and closing statements, or to request a mistrial on that basis. Appellant's Brief at 22. Specifically, Appellant challenges the prosecutor's comment during opening statements: "And I'm telling you now -- and I met with [Beck] and I have talked with her, she is telling the truth. She is going to tell you the truth." *Id.* at 22 (citing N.T (Trial), 2/26/19, at 18). Appellant further cites the following statements from the prosecutor's closing argument:

- "But I don't think [Beck] had the wherewithal to get those drugs planted in there before she met with the State Police that day. I don't think she would leave $240 just sitting somewhere in there and then get the drugs, come out and say, okay, I got him set up, I got the drugs, he sold me the drugs."

- "It's not a question of whether or not she came in and told the truth today. It's a question of whether or not you believe that she was capable of faking this deal to set him up. Do you really think she could do that[?] I don't -- I don't think she could do that."

*Id.* (citing N.T., 2/26/19, at 90-91). Appellant points to Attorney Maknoon's testimony at the PCRA hearing that if he were to try the case again, he would object to the prosecutor's statements because Beck's credibility was central to the case. *Id.* at 23-24.

> A claim of ineffective assistance grounded in counsel's failure to object to a prosecutor's comments may succeed when the petitioner demonstrates that the prosecutor's comments violated a constitutionally or statutorily protected right…. The touchstone is the fairness of the trial, not the culpability of the prosecutor.
>
> ….

Not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial. Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

*Commonwealth v. Watkins*, 108 A.3d 692, 720-21 (Pa. 2014) (citations and brackets omitted).

A prosecutor may not express a personal belief concerning the credibility of trial witnesses. *Commonwealth v. Judy*, 978 A.2d 1015, 1020 (Pa. Super. 2009). "However, the prosecutor may comment on the credibility of witnesses." *Id.* (citation omitted).

Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor. … If defense counsel has attacked the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility. *See Commonwealth v. Fisher*, 572 Pa. 105, 813 A.2d 761, 768 (2002) (rejecting defense contention that the prosecutor improperly vouched for the credibility of prosecution witnesses since "the prosecutor was reviewing the testimony of several prosecution witnesses after defense counsel had attacked their testimony, in an effort to counter the argument of defense counsel"); *Commonwealth v. Johnson*, 527 Pa. 118, 588 A.2d 1303, 1305 (1991) (holding that a prosecutor's comments stating that a defendant had lied were neither unfair nor prejudicial when given in response to the comments of defense counsel in relation to the credibility of witnesses, and when they were supported by the evidence).

*Commonwealth v. Chmiel*, 889 A.2d 501, 544-45 (Pa. 2005) (brackets and some citations omitted).

As Appellant suggests, the prosecutor made one statement during oral argument tending to indicate he believed Beck would be credible. *See* N.T.,

2/26/19, at 18. However, we will not ignore the greater context within which that statement was made. *See Commonwealth v. Cooper*, 941 A.2d 655, 668 (Pa. 2007) ("A challenged statement by a prosecutor must be evaluated in the context in which it was made."). Before describing the testimony Beck would offer, the prosecutor explained Beck's role as a confidential informant and acknowledged that confidential informants often have "checkered pasts." *Id.* at 17. The prosecutor conceded that Beck had prior arrests and pending charges. *Id.*; *see also id.* ("So, [Beck] doesn't come in here with clean hands. And she's going to own that, she's going to admit to that."). Additionally, the prosecutor reminded the jurors that they were responsible for deciding Beck's credibility. *Id.* at 18 ("[Y]ou make your determination on whether or not she is credible."). On this record, we conclude Appellant's comment, within the context of the prosecutor's entire opening argument, would not "prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict." *Watkins*, 108 A.3d at 721.

Moreover, the record reveals that Attorney Maknoon attacked Beck's credibility in his closing argument. Attorney Maknoon described Beck as a "dishonest drug dealer who is addicted to drugs…." N.T., 2/26/19, at 81; *see also id.* ("What would she be willing to do to stay out of trouble[?] Anything. Anything. So, she's dishonest."); *id.* at 82 (arguing, "[S]he's a hustler…."). Attorney Maknoon also stated that Beck "is worth zero for credibility." *Id.* at

85. Because Attorney Maknoon repeatedly attacked the credibility of the Commonwealth's primary witness, the prosecutor's statements were fair rebuttal. *See Chmiel*, 889 A.2d at 544-45. Appellant's claim therefore lacks merit, and his ineffectiveness claim fails.

In his third claim, Appellant argues Attorney Maknoon was ineffective for failing to request a no adverse inference jury charge. Appellant's Brief at 25. According to Appellant, the jury likely drew an improper adverse inference against him based on his decision not to testify at trial. *Id.* at 26.

"A 'no adverse inference' instruction directs the jury that they may not draw any adverse inference from the defendant's failure to testify in his own defense, because the defendant has the absolute right not to testify if he so chooses." *Commonwealth v. Stanley*, 830 A.2d 1021, 1022 n.1 (Pa. Super. 2003). This instruction must be given unless a defendant expressly waives the jury charge through an on-the-record colloquy. *Id.* at 1025 (citing *Commonwealth v. Thompson*, 674 A.2d 217, 222 (Pa. 1996)). Counsel's failure to request either a no adverse inference instruction or a colloquy to waive the jury charge is not *per se* prejudicial. *Id.* at 1026.

It is undisputed that Appellant declined to testify in his defense. The trial court conducted an on-the-record colloquy regarding Appellant's right to testify. N.T., 2/26/19, at 72-73. Before charging the jury, the trial court reviewed all relevant jury instructions with Attorney Maknoon and the prosecutor. *See id.* at 76-79. The court did not mention the no adverse

inference charge, and Attorney Maknoon did not request it. Further, Attorney Maknoon did not object to the absence of a no adverse inference instruction during the final charge to the jury.

Appellant argues, "it is clear that the jury drew an improper adverse inference" from his decision not to testify. However, our review discloses that during preliminary instructions, the trial court advised the jury of Appellant's right not to testify:

> At the close of the Commonwealth's case, the attorney for the defendant may present evidence for the defendant. But as I told you before, **the defendant has no obligation to offer evidence or to testify.** Under the law, **every defendant's presumed to be innocent** [and] has a right to remain silent. The burden is on the Commonwealth to prove the defendant guilty beyond a reasonable doubt.

N.T., 2/26/19, at 4 (emphasis added). During the final jury charge, the trial court reiterated that the burden of proof lies exclusively with the Commonwealth:

> A fundamental principle of our system of criminal law is the defendant's presumed to be innocent. … [A] defendant's presumed to remain innocent throughout the trial unless and until you conclude based upon careful and impartial consideration of the evidence that the Commonwealth has proven him guilty beyond a reasonable doubt of the charges made against him. It's not the defendant's burden to prove that he's not guilty. … A person accused of a crime is not required to present evidence or to prove anything in his own defense.

*Id.* at 94-95.

Although the trial court did not expressly give a no adverse inference charge, its instructions were sufficiently equivalent. ***See generally***

- 11 -

***Commonwealth v. Milliard***, 260 A.3d 143, 1363 WDA 2020 (Pa. Super. filed July 13, 2021) (unpublished memorandum at 12-13) (appellant was not prejudiced by counsel's failure to request a specific no adverse inference charge or object to its omission where the trial court provided a sufficiently similar charge).[3]  "The law presumes the jury will follow the instructions of the court."  ***Commonwealth v. Eichinger***, 108 A.3d 821, 846 (Pa. 2014) (citation omitted).  Appellant's claim fails because he failed to establish prejudice to a degree that would have altered the outcome of trial.[4]

Next, Appellant argues Attorney Maknoon was ineffective for failing to object to the provision of the prosecutor's laptop to the jury to review the video of the controlled buy.  Appellant's Brief at 27; ***id.*** at 20 (acknowledging this Court previously found the underlying claim waived because Attorney Maknoon failed to object at trial).  Appellant raises concerns with the jury's "unfettered access" to the prosecutor's laptop, which could have included other inadmissible files.  ***Id.*** at 27-28.

Appellant fails to support this claim with citation to Rules of Evidence or relevant case law.  ***See*** Pa.R.A.P. 2119(a) (the argument shall include "such

---

[3] Pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for persuasive value.

[4] We acknowledge Attorney Maknoon's testimony that he did not request the no adverse inference instruction because "It's standard and I missed it."  N.T., 11/17/22, at 14.  While this statement arguably supports a finding that counsel lacked a reasonable basis for failing to object, failure to establish any prong of the ineffectiveness test defeats a claim.  ***Franklin***, 990 A.2d at 797.

discussion and citation of authorities as are deemed pertinent."). Accordingly, we could deem this issue waived. ***See Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding appellant waived his claim by failing to adequately develop his argument or cite and discuss relevant authority).

Nonetheless, we note that the trial court has discretion to permit an exhibit to go to the jury. ***See Commonwealth v. Farkas***, 276 A.3d 814, 819 (Pa. Super. 2022). The court's "decision will not be overturned absent an abuse of discretion." ***Id.*** (citation omitted).

Pursuant to Pa.R.Crim.P. 646, "[u]pon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C)." Pa.R.Crim.P. 646(A).

(C) During deliberations, the jury shall not be permitted to have:

(1) a transcript of any trial testimony;

(2) a copy of any written or otherwise recorded confession by the defendant;

(3) a copy of the information or indictment; and

(4) except as provided in paragraph (B), written jury instructions.

Pa.R.Crim.P. 646(C).

This Court has explained,

The underlying reason for excluding certain items from the jury's deliberations is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury. If there is a likelihood the importance of the evidence will be skewed, prejudice may be

- 13 -

found; if not, there is no prejudice *per se* and the error is harmless.

***Commonwealth v. Dupre***, 866 A.2d 1089, 1103 (Pa. Super. 2005) (citation omitted).

Appellant does not contest the video's admission as an exhibit during trial. The jury viewed the video twice during Beck's testimony. ***See*** N.T., 2/29/19, at 33; ***id.*** at 37 (noting video was saved on disk). Rule 646(C) does not expressly prohibit the jury's use of a video in evidence during deliberations, nor does it restrict the medium through which a jury may view exhibits. We are sympathetic to Appellant's general concerns about allowing a jury "unfettered access" to a prosecutor's laptop. However, in this case, Appellant offers no evidence that the jurors had access to the laptop without supervision; how long the jurors had access to the laptop; or what, if any, additional files the jurors might have seen on the laptop. Appellant has neither argued nor established that permitting the jury to view the video on the prosecutor's laptop placed undue emphasis on its contents or skewed its importance. ***Cf. Dupre***, ***supra***. Because Appellant has failed to establish he was prejudiced by Attorney Maknoon's failure to object, this ineffectiveness claim fails.

In his fifth claim, Appellant contends Attorney Maknoon was ineffective for failing to object to comments made by Commonwealth witnesses concerning Appellant's prior bad acts, where the Commonwealth did not provide notice under Pa.R.E. 404(b)(3). Appellant's Brief at 29. Appellant

also claims a reference to him as a drug dealer "in and of itself insinuates prior bad acts on the part of Appellant." *Id.* at 30.

Rule 404(b)(3) provides:

In a criminal case the prosecutor must provide reasonable written notice in advance of trial so that the defendant has a fair opportunity to meet it, or during trial if the court excuses pretrial notice on good cause shown, of the specific nature, permitted use, and reasoning for the use of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(3).

Appellant fails to support his argument with citations to relevant case law. *See* Pa.R.A.P. 2119(a). Further, Appellant does not detail the specific testimony he wishes to challenge. Appellant instead cites various pages of trial testimony without further explanation. The cites reference Beck's prior dealings with Appellant, and Beck having been to Appellant's apartment building on more than one occasion. *See* N.T., 2/26/19, at 26-27, 29, 30-31, 44, 53. Importantly, Appellant advances only a bald claim that he was "clearly prejudiced" as a result of Attorney Maknoon's failure to object. *See* ***Commonwealth v. Jones***, 876 A.2d 380, 386 (Pa. 2005) (boilerplate assertion that prejudice "is self-evident" was insufficient to establish counsel's ineffectiveness).

The PCRA court observed that Beck made only one specific reference to Appellant as a "drug dealer." PCRA Court Opinion, 3/24/23, at 4. The court further concluded "an objection by trial counsel would not have changed the outcome of the trial given the strong evidence presented by the

- 15 -

Commonwealth." *Id.* We discern no error in this determination, which is supported by the record. As Appellant failed to establish prejudice to a degree that would have altered the outcome of trial, this claim fails.

In his sixth and final claim, Appellant asserts Attorney Maknoon was ineffective for failing to file a motion to strike the jury panel. Appellant's Brief at 32.

> Appellant avers that at the time of jury selection[], it was brought to their attention that one of the prospective jurors was the aunt of the Commonwealth witness[, Beck]. Appellant further avers that although the juror was not selected, she had access to the other prospective jurors and could have tainted the jury panel.

*Id.*; *see also id.* (stating the prospective juror was alone with the jury panel).

Appellant relies on *Commonwealth v. Harkins*, 328 A.2d 156 (Pa. 1974), where the appellant claimed he was prejudiced when a prospective juror accused him of stealing the juror's car (an offense for which appellant was not charged) in the presence of other prospective jurors. *Harkins*, 328 A.2d at 156-57. The trial court dismissed the prospective juror who made the statement, but others who heard the statement served on the jury. *Id.* Our Supreme Court concluded the trial court erred by denying the defense motion to strike the panel, "[s]ince the other prospective jurors also could have reasonably understood that the accusation was directed at the appellant…." *Id.* at 157. "The fact that a reasonable inference of a prior criminal record is present in the minds of the jurors in and of itself mandates a new trial." *Id.* (citation and quotation marks omitted).

- 16 -

Here, there is no indication the juror made comments about Beck or Appellant, and Appellant does not cite the record or any statements made by the juror.[5] "[T]he juror was struck for cause and was not part of the impaneled jury for trial." PCRA Court Opinion, 3/24/23, at 4. Appellant suggests the juror **might have** spoken to other prospective jurors at the end of the day, some of whom were chosen for the jury. ***See*** N.T., 11/17/22, at 21 (PCRA counsel asking Attorney Maknoon, "And do you recall if [the juror] … left with other p[ro]spective jurors at the end of the day and could have had unfettered access to talk to them about something, the case or whatever? Do you recall seeing her leave with the other members of the jury panel including people who were picked with this jury?"). As the PCRA court stated, this is "pure speculation." PCRA Court Opinion, 3/24/23, at 4. Appellant's final claim fails for lack of arguable merit. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1223 (Pa. 2006) (stating "counsel will not be deemed ineffective for failing to raise a meritless claim").

For the above reasons, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

---

[5] The record does not contain transcripts of *voir dire*. "[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts." ***Commonwealth v. Bongiorno***, 905 A.2d 998, 1001 (Pa. Super. 2006).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 1/4/2024